Edward J. Poulos, J.
This is a motion by the defendants for an order vacating and setting aside an attachment of their bank account as the result of a judgment obtained against them by the plaintiff.
The relief is requested pursuant to the provision of section 137 of the Social Services Law. The affidavit of the defendants in support of the motion states that the defendants are recipients of public assistance, that they have no other income from any source, that they receive $416 per month from the Nassau County Welfare Department: one installment of $275.50 on the 1st of each month and $140.50 on the 15th of each month. That on the 15th day of May, 1970, defendants deposited their welfare check of $140.50 in an East Rockaway Bank and there was a total balance of $112.47 on deposit on the 18th day of May, 1970, *929 at which time a restraining notice was received by the bank. The affidavit is supported by a letter from the Nassau County Department of Social Services and a notice from the bank.
The affidavit in opposition with respect to the merits contends that section 137 refers only to the assignment and transfer of welfare funds while they are in the hands of the Welfare Department and not once they have been received by the beneficiary, and cites the case of Blake v. Bolte (10 Misc. 333, affd. on reargument 12 Mise. 405) an 1895 case which held that while the salary of a public officer was exempt from the claims of creditors prior to the receipt of it by the officer, that exemption did not apply once it was so received.
The citation is of no help in the instant case, as it is relatively clear that the purpose of that ruling was not for the benefit of the recipient public officer but to avoid the necessity of public treasuries having to comply with orders of assignment and garnishees.
The rationale behind section 137 is just the opposite. It is for the benefit of the recipient and to insure that the public moneys paid them for the necessities of life, food, clothing and shelter, are used for that purpose. In theory, if not always in practice, the amounts paid to them are the minimum needed for those purposes. To allow these moneys to be used for the purpose of paying pre-existing debts no matter how valid they may be, would put an additional and unfair burden on the taxpayers who would still be obliged under our present day concept of social welfare to insure the recipients thereof of the present necessities of life.
This rationale and the fact that there is no distinction between these funds in the hands of the Social Services Department and in the hands of the recipient are further borne out by a reading of section 137-a, which exempts that portion of a welfare recipient’s earnings which, if not received, would entitle the employee to additional welfare money, from assignment or execution. In that section the Legislature uses the phrase “ paid or payable * * * to a person while he is in receipt of public assistance ”.
Surely if the earnings of a welfare recipient are exempt after he receives them, the public money he receives is also exempt.
The section, of course, does not apply to all funds a welfare recipient may have or receive; only those he has received from the Social Services Department or earnings in lieu thereof. The source of the funds in this case is not however in question; they are clearly exempt.
The argument that such an interpretation of the statute would enable a welfare recipient to incur obligations and his creditors *930 would have no recourse is unfounded, nor did the Legislature intend to shield such recipients from paying their just debts. The Legislature did intend to shield the taxpayers of this State from the pre-existing debts of welfare recipients, and it is always encumbent upon a prospective creditor to satisfy himself with respect to the financial responsibility of his prospective debtor before extending credit to him.
The motion by the defendants for an order vacating and setting aside the attachment of their bank account should be granted.