112 N.J. Super. 44 (1970)
270 A.2d 304
GUARDIAN LOAN COMPANY OF PLAINFIELD, A CORPORATION, PLAINTIFF,
v.
WILLIAM BAYLIS AND ANITA BAYLIS, DEFENDANTS.
Superior Court of New Jersey, District Court, Union County.
Decided October 22, 1970.
Mr. Daniel A. Rosenberg, for plaintiff (Messrs. Rosenberg & Rosenberg, attorneys).
Mr. Robert J. Blumenfeld, of the Union County Legal Services Corp., for defendants.
*45 McKENZIE, J.D.C.
On May 8, 1970, plaintiff entered a default judgment in the sum of $667.93 against defendants and proceeded with the issuance of execution. On June 8, 1970, the constable levied on a bank account in the name of defendant Anita Baylis in the Somerset Trust Company, in which there was a balance of $720.09.
Defendants object to plaintiff's motion for an order directed to the bank to pay over to the constable the amount necessary to satisfy its judgment, claiming that the funds on deposit represent payments received from the Union County Welfare Board under the Aid to Dependent Children Program and therefore are exempt from levy.
From the affidavit of defendant William Baylis and an examination of the monthly statements issued by the bank for the account in question it appears that in fact the account is used solely for the deposit of funds received monthly by the defendants from the Union County Welfare Board. No unusual accumulations are indicated. Substantially all of the balance is used each month. The levy in question was made immediately following the deposit in the account of the monthly assistance check from the welfare board in the sum of $696.
Chapter 10 of Title 44 of the New Jersey Statutes enacted in 1959, establishes the program of assistance for dependent children. There is no section of the act which specifically exempts from levy or other legal process the funds paid to eligible persons.
In Essex County Welfare Board v. Philpott, 104 N.J. Super. 280 (Cty. Ct. 1969), plaintiff board, proceeding on a reimbursement agreement executed by the welfare recipient pursuant to N.J.S.A. 44:7-14, attempted to recover funds paid to the recipient from moneys received by her from the Social Security Administration as a retroactive award for disability benefits. The pertinent federal statute, 42 U.S.C. § 407, reads:
*46 The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
The court, in refusing to order the funds to be paid over to plaintiff, stated:
The intent of Congress is clear, namely, to protect the recipient from the attack of creditors before and after the moneys are paid, and to permit him or his dependents to obtain the necessities of life. As long as the fund is not converted to a permanent investment, its mere deposit in a bank for use by the recipient does not expose it to attachment or levy by creditors.
It would seem that the intent of our Legislature in its program for assistance for dependent children, would be identical to that of the Congress in enacting the Social Security Act. However, defendant claims that any such intention is not embodied in a specific provision of the act, as in the case of the Social Security Act.
N.J.S.A. 44:10-2 provides as follows:
Needy dependent children living in New Jersey and the parent or parents or relatives with whom they are living shall be entitled to financial assistance and other services from the county welfare board of the county in which they reside, which shall be administered in accordance with and governed by requirement, conditions, limitations and procedures similar to those established by chapter 7 of Title 44 of the Revised Statutes excepting section 44:7-3, 44:7-5, 44:7-14 to 44:7-16 inclusive and 44:7-25 of the Revised Statutes.
Chapter 7 of the Title 44 of Revised Statutes sets forth our state program of old age assistance. Section 35 of that act provides as follows:
All amounts paid as old age assistance shall be exempt from any tax levied by the state or by any subdivision thereof, and exempt from levy or sale, garnishment, attachment, or any other process whatsoever and shall be inalienable in any form, and in case of bankruptcy *47 shall not pass to the trustee or other persons acting on behalf of the creditors of the aged needy person.
Since this section of chapter 7 is not specifically excepted from the provisions of N.J.S.A. 44:10-2, it applies to payment of assistance for dependent children, and the funds in question are therefore exempt from levy under the plaintiff's judgment.
To hold otherwise would clearly frustrate the intent of our Aid to Dependent Children Program, and allow public funds to be utilized for the benefit of unintended beneficiaries. Since the payments to eligible persons are to enable them to meet their current living expenses, any diversion of these payments would require additional expenditures of welfare funds to enable the recipients to purchase the necessities of life. Plaintiff cannot be permitted to benefit at public expense.
The motion to pay over the funds in the account in the Somerset Trust Company is denied and the levy is ordered to be lifted and removed.