CREDIT THRIFT OF AMERICA, Plaintiff-Appellee, *v.* WAYNETTE KITTRELL, Defendant-Appellant.

Third District   No. 76-43

Opinion filed August 31, 1976.

Robert W. Esler, of Rock Island, for appellant.

Marvin Andich, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Waynette Kittrell, defendant, appealed from a judgment of the Circuit Court of Rock Island County, entered in the sum of $330.38 in favor of plaintiff Credit Thrift of America, in a wage garnishment action involving defendant's employer, the Franciscan Hospital. Defendant moved to vacate the garnishment on the ground that the wages of defendant are protected from garnishment by the provisions of the

Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—3). Defendant's motion to vacate was denied.

On appeal in this case, appellee Credit Thrift of America has not seen fit to file a brief in this court on behalf of the appellee. (See *Witter v. Winter* (1975), 25 Ill. App. 3d 924, 323 N.E.2d 407.) When no brief is filed, a court of review may reverse, without considering the merits of the case. Reversal, however, is not mandatory and the reviewing court may, if it chooses to do so, consider and determine the case on its merits. We have determined to consider the case on its merits.

Defendant Kittrell receives financial aid pursuant to article IV of the Illinois Public Aid Code. Defendant also participates in a service and training program pursuant to article IX, section 9—6, of the Illinois Public Aid Code. Such service and training programs provide employment for and contribute to the training and experience of persons receiving public aid and, also, provide public and non-profit community agencies with personnel whose service could not otherwise be adequately financed. The wages of any person assigned to a service and training program are deducted in full from the financial aid which would otherwise have been provided to a program participant. In the action we now consider, Credit Thrift-plaintiff sought to garnish wages earned by defendant while she was participating in the service and training program. The issue before the court, therefore, is whether defendant's wages are exempt from garnishment. The argument of defendant is principally dependent upon the interpretation of section 11—3 of the Illinois Public Aid Code which provides:

> "All the financial aid given under Articles III, IV, V, VI and VII shall be absolutely inalienable by assignment, sale, attachment, garnishment, or otherwise."

■■ Defendant contends that since she receives financial aid under article IV of the Illinois Public Aid Code, she comes within the protection of section 11—3. It is noted, however, that section 11—3 protects by its specific terms financial aid and not financial aid recipients. We, therefore, believe that under the terms of section 11—3, its provisions can only be invoked with respect to financial aid received by a defendant.

Defendant argues that since her financial aid can only be reduced by income actually available to her, the garnishment of her wages would force a correlative increase in defendant's financial aid. This interdependence between defendant's wages and defendant's financial aid, asserts defendant, infuses defendant's wages with the nature and quality of financial aid. Defendant concludes from such analysis that her wages are entitled to the protection of section 11—3.

Defendant seeks to support her argument by citing *Guardian Loan Co. v. Baylis* (1970), 112 N.J.Super. 44, 270 A.2d 304, and *Consumer Credit*

*Corp. v. Lewis* (1970), 313 N.Y.S.2d 879, 63 Misc. 2d 928, which are cases from New Jersey and New York involving statutes similar to section 11—3. In both those cases, the creditor of a public aid recipient attempted to reach financial aid funds deposited in the debtor-public aid recipient's bank account. Statutes similar to section 11—3 were held to bar the collection of deposited funds. *Kaufman v. Hicks* (1st Dist. 1974), 17 Ill. App. 3d 274, reaches the same result in similar circumstances to section 11—3.

It is basically argued by defendant that liberal construction mandate of section 1—5 of the Illinois Public Aid Code and the legislative intent support her conclusion as to the interpretation of section 11—3. We note that section 2—6 of the Illinois Public Aid Code defines financial aid as follows:

> "A money or vendor payment to or on behalf of a recipient for basic maintenance support or medical assistance provided under Articles III, IV, V, VI and VII."

■■■ In the instant case, plaintiff seeks to garnish wages earned by defendant and not money paid for defendant's basic maintenance and support. Defendant's wages were not paid pursuant to articles III, IV, V, VI, or VII of the Illinois Public Aid Code. Defendant's wages were paid in connection with article IX service and training program. Section 2—6 may contain an implicit limitation as to money paid out of State Public Aid funds, and the money actually involved in this case was due from defendant's employer. The *Guardian Loan Co., Consumer Credit* and *Kaufman* cases are distinguishable under facts from the case with which we are now concerned. Those cases dealt with the protection of public aid funds in the so-called permuted form. Here the money involved did not originate from public aid funds. On the basis of our analysis of the cases, since we are considering the cause on the merits, we conclude that defendant's wages are not protected from garnishment by section 11—3 of the Public Aid Code. This result would not mean an increase in the amount of financial aid actually paid to defendant, for the reason that we conclude that the garnished wages could not be deducted from defendant's financial aid as wages *paid* to defendant as provided in section 9—6 of the Illinois Public Aid Code.

For the reasons stated, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.