BENTON HOLM *et al.*, Plaintiffs-Appellees, *v.* DANIEL COMM *et al.*, Defendants.—(PAULINE BAGATELAS, Defendant-Appellant.)

Third District   No. 76-393

Opinion filed August 31, 1977.

H. Reed Doughty, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

No brief filed for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal from an order of the Circuit Court of Rock Island County which denied defendant Pauline Bagatelas' motion to vacate a judgment entered by confession. On appeal in this court, defendant contends (1) that the judgment confessed is void because the attorney who confessed the judgment departed from the authority conferred by the warrant to confess judgment; (2) that the confessed judgment is void because the extent of the authority to confess judgment cannot be ascertained from the fact of the instrument granting the authority; and (3) that the attorney's fees included in the confessed judgment are excessive and unreasonable.

From the record, we note that on December 29, 1969, defendants Pauline Bagatelas, Ted W. Bagatelas, Daniel Comm and Helene Comm

and Fannie M. Walker executed a judgment note in the principal sum of $73,980 payable to the order of "First National Bank of Moline, Trustee of the Benton Holm Trust and First National Bank of Moline, Trustee of the Miriam L. Holm Trust." The judgment note was secured by a mortgage on certain real estate. The note contained the following provision with respect to confession of judgment:

> "And to secure the payment of said amount *we* hereby authorize, irrevocably, any attorney of any Court of Record to appear for *us* in such Court, in term time, or vacation, after the instrument is due by maturity or acceleration, and to confess a judgment without process in favor of the holder of this Note for such amount as may appear to be unpaid thereon, together with interest, costs and reasonable attorneys' fees on amount due, admitting the allegations of any complaint filed in connection with this note, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon said judgment, hereby ratifying and confirming all that *our* said attorney may do by virtue hereof. However, no judgment secured by confession shall be a lien on the residence of any of us." (Emphasis added.)

The note was further subject to certain terms, endorsed solely by Fannie M. Walker, which provided that the note was payable only out of certain real estate, the mortgage of which secured the note, by enforcement of the provisions of the mortgage, and that no personal liability would be enforceable against Fannie M. Walker with respect to the note.

On April 28, 1976, the First National Bank of Moline, as trustee of the Benton Holm Trust, executed a written assignment, assigning to Benton Holm "all assets and liabilities of the Benton Holm Trust, including but not limited to those assets and liabilities described in the attached schedule." On that same date, the First National Bank of Moline, as trustee of the Miriam L. Holm Trust, executed a similar assignment, assigning to Miriam L. Holm the assets and liabilities of the Miriam L. Holm Trust.

On June 2, 1976, plaintiffs Benton Holm and Miriam Holm filed a complaint and confession on the judgment note as against defendants Pauline Bagatelas, Ted W. Bagatelas, Daniel Comm and Helene Comm only. The complaint sought judgment in the total sum of $84,809.94, including $71,445.39 principal, $5,364.55 interest, and $8,000 attorneys' fees. Attached to the complaint were the judgment note and the assignments executed by the First National Bank on April 28, 1976. On June 2, 1976, the circuit court granted judgment in favor of plaintiffs in the sum of $84,809.94 plus costs of suit. On that same date, plaintiffs filed a

complaint to confirm the judgment by confession, and defendant Pauline Bagatelas was personally served on June 3, 1976.

On June 29, 1976, defendant Pauline Bagatelas filed a motion to vacate the judgment entered by confession. The circuit court denied the motion on July 3, 1976. Defendant Pauline Bagatelas filed a motion to reconsider her motion to vacate on July 26, 1976. This motion was denied by the court on August 20, 1976. Subsequently, defendant Pauline Bagatelas filed her notice of appeal from the circuit court's denial of the motion to vacate. Defendants Ted W. Bagatelas, Daniel Comm and Helene Comm have not participated in this appeal.

As a preliminary matter, we note that plaintiffs have not filed a brief in this court. Plaintiffs did, however, in response to this court's motion to show cause why the appeal should not be submitted for decision on defendant Pauline Bagatelas' brief, indicate that a tentative settlement had been reached with certain of the defendants and that the plaintiffs do not intend to file a brief in this appeal. Defendant Pauline Bagatelas' attorney subsequently filed an affidavit disclaiming knowledge of any settlement of the subject matter of this action. On the question of the failure to file a brief before a court of review, the Illinois Supreme Court stated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493:

> "We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed."

(Accord, *Credit Thrift of America v. Kittrell* (3d Dist. 1976), 41 Ill. App. 3d 361, 354 N.E.2d 59; *Smith v. Lemont Fire Protection District* (3d Dist. 1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.) We shall, however, proceed to consider the case on its merits.

■■ ■ Defendant Pauline Bagatelas first argues that the confessed judgment is void because the attorney confessing judgment departed from the authority conferred to confess judgment thereunder. The Illinois Supreme Court stated, in *Grundy County National Bank v. Westfall* (1971), 49 Ill. 2d 498, 500-01, 275 N.E.2d 374:

> "Judgments by confession are circumspectly viewed. It was said in *Wells v. Durst Cheverolet Co.*, 341 Ill. 108, at 111, 'The power to

confess a judgment must be clearly given and strictly pursued and a departure from the authority conferred will render the confessed judgment void. (*Keen v. Bump*, 286 Ill. 11; *Weber v. Powers*, 213 id. 370; *Whitney v. Bohlen*, 157 id. 571; *Little v. Dyer*, 138 id. 272; *Frye v. Jones*, 78 id. 627; *Tucker v. Gill*, 61 id. 236; *Chas. v. Dana*, 44 id. 262).' "

In *Keen v. Bump* (1918), 286 Ill. 11, 14, 121 N.E. 251, which was cited with approval in *Grundy County National Bank*, the court stated:

"The power to confess a judgment must be clearly given and strictly pursued and a departure from the authority conferred will render the confession void. [Citations.] The warrant of attorney [in the instant case] was joint, being executed by the partnership and the individuals, W. E. Keen and E. C. Keen, and the purported confession was by W. E. Keen and E. C. Keen alone. A warrant of attorney which is joint does not authorize a several judgment but must be executed by joint confession against all the signers of the note, and the fact that the note is joint and several does not affect the question. [Citation.] The warrant of attorney was not executed in accordance with its terms * * *."

In the instant case, the warrant to confess judgment was clearly joint and was executed by the defendants and by Fannie M. Walker. The confession of judgment was, however, as to the defendants in this cause alone and not as against Fannie M. Walker. Since a joint warrant of attorney must be executed by a joint confession as against all the signers of the note, we conclude that the attorney confessing the judgment did in fact depart from the authority conferred by the warrant of attorney. (See *Holmes v. Partridge* (1941), 375 Ill. 521, 31 N.E.2d 948.) We conclude, therefore, that the Circuit Court of Rock Island County erred in denying the motion of defendant Pauline Bagatelas to vacate the judgment entered by confession.

■■ As stated in *Keen v. Bump*, the power to confess a judgment must be strictly pursued when authorized by warrant to confess a judgment as against five signatory parties. It only authorizes a judgment by confession against all five and not as against fewer than all of those who have signed the joint warrant of attorney. If the words, which are normally found in warrants authorizing the attorney to confess judgment "against us jointly or severally" had been included, our determination would have been different.

In view of our determination of the issue as noted, we need not consider the further arguments raised by defendant Pauline Bagatelas.

The order of the Circuit Court of Rock Island County denying defendant Pauline Bagatelas' motion to vacate the judgment by

confession is reversed, and this cause is remanded to the trial court with directions to the trial court to vacate such judgment by confession.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.