AVCO FINANCIAL SERVICES, PLAINTIFF, v. JOEL A. KA-
MINSKY AND NANCY KAMINSKY, DEFENDANTS.

District Court
Passaic County

February 27, 1979.

*Mr. Harold V. O'Grady* for plaintiff (*Messrs. Young &
Young*, attorneys).

*Mr. James M. Larsen* for defendant (Passaic County Legal
Aid Society, attorney).

SAUNDERS, J. S. C. (temporarily assigned). On March 13,
1978 plaintiff obtained a default judgment in the sum of

$1726.03 against defendants. Thereafter, on notice to defendant Nancy Kaminsky, and without objection, an order for wage execution was obtained in April 1978. Defendant now moves to vacate the wage execution on the ground that as a recipient of funds from the Passaic County Board of Social Services under the Aid to Dependent Children (hereafter ADC) public assistance grant, her wages are not subject to execution.

Nancy Kaminsky is presently a welfare recipient receiving an ADC public assistance grant. She is also employed by Optimum Optics, receiving wages which provide disposable earnings in excess of $130 a week. Prior to the wage execution she received $150 a month as her welfare grant. Subsequent to the wage execution the welfare grant was increased to $169.

N. J. S. A. 44:10-1 et seq. establishes the program of assistance for dependent children. N. J. S. A. 44:10-2 provides that the program "shall be administered in accordance with and governed by the requirements, conditions, limitations and procedures similar to" those of chapter 7 of Title 44, with delineated exceptions.

N. J. S. A. 44:7-35 is one section that is to be applied to the ADC program. Accordingly, the court in Guardian Loan Co. of Plainfield v. Baylis, 112 N. J. Super. 44 (Cty. D. Ct. 1970), held that all amounts paid as assistance for dependent children under the ADC program are, as are old age assistance payments under chapter 7, exempt from levy.

Defendant seeks to extend that protection to the wages she earns independently of the ADC grant. Defendant argues that it would be contrary to public policy of this State to permit the garnishment of the earned income of an ADC recipient since such garnishment would result in an increased welfare grant. This would result in public funds being utilized to benefit the plaintiff.

The method for determining the amount of an ADC grant is set forth in regulations promulgated by the New Jersey

Department of Institutions and Agencies (now Department of Human Resources), Division of Public Welfare, and appears in the Family Assistance Manual at § 220. That regulation provides that, in determining calculated income from gross earnings,

* * * deduct mandatory payroll deductions (limited to federal, state and city withholding taxes of the correct *required* amount; social security; unemployment compensation taxes; and garnishments according to state law). [See § 220.1B]

The court in *Guardian Loan Co. of Plainfield v. Baylis, supra* held that the statutory exemption of ADC funds from garnishment or levy is specifically required by the statutory exemption set forth in *N. J. S. A.* 44:7–35.

Did the ADC statute intend to exempt not only the moneys received from the grant, but also any earned income received by a recipient? The court thinks not. Defendant argues that the increase in her welfare grant is directly correlated to the amount of the garnishment of her earned wages. In view of this "pass-through" the public is indirectly paying the creditor, contrary to the public policy considerations of *Guardian, supra.*

Such a position is not consistent with the obvious intent of the administrative regulations which allow for garnishments. See Regulation 220.1(b). The agency promulgating the above-cited regulations was aware of the statutory exemptions and still permitted the deduction of the amount of a valid garnishment.

Wage executions must, therefore, be viewed as permitted and wages are to be considered separate and apart from the welfare grant for purposes of the statutory prohibition against garnishment of the grant itself. While this may very well have the effect of satisfying the judgment creditor at public expense, such a result is for the Legislature or administrative agencies to remedy.

The motion to vacate the execution against the wages of defendant Nancy Kaminsky is denied.