DOVER OIL COMPANY, PLAINTIFF-RESPONDENT, v. KENNETH SEDOR, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 24, 1981—Decided March 11, 1981.

Before Judges MICHELS, KOLE and ARD.

*William A. Ward,* for appellant.

No brief was filed on behalf of respondent.

PER CURIAM.

Defendant Kenneth Sedor appeals from an order of the Ocean County District Court denying his motion to vacate a levy on his bank account in the First National Bank of Toms River.

Plaintiff Dover Oil Company obtained a default judgment against defendant for the unpaid balance due for heating oil sold to defendant. Plaintiff levied upon defendant's bank account at the First National Bank of Toms River. Defendant moved to vacate the levy, claiming that the funds in the account consisted solely of public assistance benefits which were exempt by statute from levy. While the record is not clear as to the actual source of the moneys in defendant's bank account, argument of counsel reveals that the parties were under the impression that the funds represented moneys paid to defendant under the Aid to Dependent Children (ADC) program established by *Title* 44, *chapter* 10; *N.J.S.A.* 44:10–1 *et seq.* However, defendant's affidavit simply does not support such a conclusion. It merely states that "[t]he sole source of the moneys in the account was my monthly public assistance check. . . ." The trial judge held that the moneys were not exempt and denied defendant's application, reasoning as follows:

> Well, the only thing that really troubles me here is there's no question, I'm aware of the fact that you can't levy against Unemployment Compensation, Workmen's Compensation, Social Security and things of that nature that are government-funded, but the problem is that this is not the usual case. I would assume oil is a necessity. Someone could put something, could go around, not pay the utilities, not pay the necessities and claim that everything is exempted when they're getting assistance. This is different. The Unemployment statute says that they're [*sic*] exempt. Obviously you're exempt from execution except for necessities. That's 43:21–15. I feel that based upon the affidavits filed in this particular case either on the basis that it might have been co-mingled or on the basis I feel that the Unemployment statute applies to the Aid to Dependent Children, and I find as a matter of fact this is a necessity, so-to-speak; and therefore I find that the statute comes into play, and they can levy for this

particular judgment based upon the fact it is a necessity, and I'll use that statute.

Defendant appealed.

We are satisfied that the trial judge erred in ruling that, as a matter of law, moneys received by defendant under the Aid to Dependent Children (ADC) program were not exempt from levy to satisfy a judgment against a debtor for the purchase of necessities.

*Title* 44, *chapter* 10, establishes a program for assistance for dependent children. *N.J.S.A.* 44:10–2 (amended by *L.*1977, *c.* 127, § 2) provides:

Eligible dependent children living in New Jersey and the parent or parents or relative or relatives with whom they are living shall be entitled to financial assistance and other services from the county welfare agency of the county in which they reside, which shall be administered in accordance with and governed by requirements, conditions, limitations and procedures similar to those established by chapter 7 of Title 44 of the Revised Statutes excepting sections 44:7–3, 44:7–5, 44:7–14 to 44:7–16, inclusive and R.S. 44–7–25. Notwithstanding any provision to the contrary, no natural or adoptive parents with a dependent child as defined in section 1(c)(1)(iii) shall be eligible to receive assistance where the insufficiency of income or resources is the direct result of (a) a voluntary cessation of employment within 90 days prior to the date of application which such voluntary cessation shall include unemployment due to inappropriate work habits resulting in discharge from employment or (b) a voluntary assignment or transfer of property within 1 year prior to the time of application for the purpose of qualifying for public assistance.

*Title* 44, *chapter* 7, referred to in *N.J.S.A.* 44:10–2 above, contains a provision exempting old age assistance funds from any levy. *N.J.S.A.* 44:7–35 specifically provides:

All amounts paid as old age assistance shall be exempt from any tax levied by the state or by any subdivision thereof, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever and shall be inalienable in any form, and in case of bankruptcy shall not pass to the trustee or other person acting on behalf of the creditors of the aged needy person.

When *N.J.S.A.* 44:10–2 and *N.J.S.A.* 44:7–35 are read together, it is apparent that the Legislature intended to exempt from levy, garnishment or attachment any public assistance grants furnished under the provisions of *Title* 44, *Chapter* 10. *See Avco Financial Services v. Kaminsky,* 167 *N.J.Super.* 195, 197 (Cty.D.Ct.1979); *Guardian Loan Co. of Plainfield v. Baylis,* 112

*N.J.Super.* 44 (Cty.D.Ct.1970). Judge McKenzie's reasoning in the *Baylis* case is worthy of being repeated here:

> Since this section of *chapter* 7 is not specifically excepted from the provisions of *N.J.S.A.* 44:10–2, it applies to payment of assistance for dependent children, and the funds in question are therefore exempt from levy under the plaintiff's judgment.
>
> To hold otherwise would clearly frustrate the intent of our Aid to Dependent Children Program, and allow public funds to be utilized for the benefit of unintended beneficiaries. Since the payments to eligible persons are to enable them to meet their current living expenses, any diversion of these payments would require additional expenditures of welfare funds to enable the recipients to purchase the necessities of life. Plaintiff cannot be permitted to benefit at public expense. [*Id.* at 47].

■ Consequently, if the moneys in the First National Bank of Toms River constituted grants to defendant under the ADC program, they would be exempt from levy. However, as we pointed out above, it is impossible to determine from this record whether such moneys were ADC funds or whether they were from some other source which was not exempt from levy. Defendant's affidavit characterized the source of the moneys in the bank simply as "my monthly public assistance check." It is entirely possible that the moneys in the bank were not ADC funds but rather general public assistance grants furnished defendant pursuant to *Title* 44, *chapter* 8 (commonly referred to as the General Public Assistance Law, *N.J.S.A.* 44:8–107, *et seq.*). These grants are rendered

> ... to needy persons not otherwise provided for under the laws of this State, where such persons are willing to work but are unable to secure employment due either to physical or mental disability or inability to find employment, and includes what is commonly called "relief" or "emergency relief". [*N.J.S.A.* 44:8–108]

General Public Assistance Law grants are not exempt from levy, garnishment or attachment. This statute does not contain a specific provision exempting funds paid thereunder from levy. Moreover, unlike *Title* 44, *Chapter* 10, this statute does not contain a provision that it "shall be administered in accordance with and governed by requirements, conditions, limitations and procedures similar to those established by chapter 7 of Title 44...." See *N.J.S.A.* 44:10–2. "The general rule is that ex-

emptions from execution 'are mere creatures of statute or constitutional enactment' and do not exist at common law." *Richman v. Pratt,* 174 *N.J.Super.* 1, 3 (App.Div.1980); *General Motors Accept. Corp. v. Falcone* 130 *N.J.Super.* 517, 520 (Cty.D. Ct.1974). See, also, 35 *C.J.S. Exemptions* § 1 at pp. 7–8; 31 *Am.Jur.*2d, *Exemptions,* § 2 at 330. In the absence of a constitutional or statutory provision exempting General Public Assistance grants under *Title* 44, *chapter* 8, from levy, such grants are properly subject to levy, garnishment or attachment.

Accordingly, we reverse the order denying defendant's motion to vacate the levy on his bank account and remand the matter to the trial court for a rehearing of defendant's motion in accordance with the views expressed herein. We direct that the trial court require the parties to present such evidence, including testimony, as it may deem necessary to determine the source of the funds in defendant's bank account. We do not retain jurisdiction.