TIMOTHY F. CULLEN, Secretary Department of Health and Social Services
For several years, section 49.41, Stats., has provided that all grants of aid to families with dependent children and other benefits listed therein are "exempt from every tax, and from execution, garnishment, attachment and every other process and shall be inalienable." With the enactment of 1987 Wisconsin Act 27, subsection (2) to section 49.41 was created and provides that grants of AFDC may be garnisheed as provided under section 812.233 which also was created by 1987 Wisconsin Act 27.
You ask whether these new provisions which allow landlords to garnish AFDC grants conflict with provisions of Title IV-A of the Social Security Act. The United States Department of Health and Human Services in consultation with the Office of General Counsel has concluded that such a garnishment is prohibited because it contravenes several legal requirements under Title IV-A. It is the federal agency's position that such garnishment would not further the statutory purpose of maintaining the AFDC family together at a subsistence level or serve the best interests of the AFDC child. Instead that agency views the garnishment as state interference with the AFDC family's application of the money due them which is not among the limited, statutorily authorized forms of interference.
The federal response is perhaps far more meaningful than my independent opinion because of the stated potential for reduced federal financial participation if these state provisions are implemented. I find no apparent reason for disagreement with this federal response even though a contrary argument can be constructed. For example, where Congress intended to preserve the inalienability of the right to future payments of old-age, survivors and disability insurance benefits (OASDI) from garnishment, it did so in clear and unequivocal language.42 U.S.C. § 407 (1987). *Page 57 
In contrast, the federal opposition to these new garnishment provisions is based upon federal policy and interpretation which rejects the use of the state AFDC payment machinery to provide collection services for creditors of public assistance recipients. The recognized purpose of the AFDC program is to provide recipients with the necessities of life, not to make public funds available to pay preexisting debts. 42 U.S.C. § 602
(1987); Northwest Eng. Credit Union v. Jahn,120 Wis.2d 185, 187, 353 N.W.2d 67 (Ct.App. 1984). The court in the latter case noted that several other states have held that public welfare funds are exempt from garnishment under various situations.
In Guardian Loan Company of Plainfield v. Baylis,112 N.J. Super. 44, 270 A.2d 304 (1970), the court noted the similarity between the clearly stated exemption from levy of OASDI benefits in 42 U.S.C. § 407 (1987) and the overall intent of the AFDC program and concluded that a bank account fund consisting of money received by the depositor as AFDC benefits was exempt from levy. The court reasoned that:
 To hold otherwise would clearly frustrate the intent of our Aid To Dependent Children Program, and allow public funds to be utilized for the benefit of unintended beneficiaries. Since the payments to eligible persons are to enable them to meet their current living expenses, any diversion of these payments would require additional expenditures of welfare funds to enable the recipients to purchase the necessities of life. Plaintiff cannot be permitted to benefit at public expense.
Guardian Loan Company, 270 A.2d at 305.
Notwithstanding any laudable purpose behind the garnishment provisions, they clash with the principles underlying the AFDC program. The federal statute provides for supervision of recipients and for the failure of these recipients to expend the aid for its allotted purpose. See 42 U.S.C. § 605 (1985);Goodyear Service Store v. Speck, 48 Ohio App.2d 115,355 N.E.2d 886 (1976). Under this authority a state agency may assure payment of shelter by use of protective payments which are in the best interests of the children.
The interpretation of any agency charged with administering a statute or program is entitled to great deference. Schweiker v.Hogan, 457 U.S. 569, 588 (1982); Sudomir v. McMahon, 767 F.2d 1456,1459 (9th Cir. 1985). Clearly in this instance such deference *Page 58 
should be extended to the United States Department of Health and Human Services' interpretation of Title IV-A provisions.
DJH:DPJ *Page 59