[No. H009749. Sixth Dist. Aug. 9, 1993.]

In re the Marriage of LANCE and KATHY RINE.
LANCE RINE, Respondent, v.
KATHY RINE, Appellant.

COUNSEL

Karl Nigg and Hugh T. Thomson for Appellant.

Michaleen Moraz for Respondent.

OPINION

MIHARA, J.—Kathy Rine (wife) appeals from a postjudgment order modifying child support and awarding attorney fees. On appeal, she contends the trial court abused its discretion in reducing the support obligation of the child's father, Lance Rine (husband), and in ordering inadequate attorney fees. Wife also claims the court erred in failing to set forth the mandatory

findings required by California Rules of Court,[1] rule 1274. We find the latter contention to be meritorious and reverse the challenged orders.

## Background

Husband and wife were married on July 7, 1978. From this marriage, the Rines have a minor child, Jesse, born in April of 1980. The couple separated in late 1981, when Jesse was 20 months of age. A judgment of final dissolution was granted in 1982.

In an interlocutory judgment of dissolution filed in September of 1982, the parties were awarded joint legal custody with primary custody to wife and visitation to husband. Husband was ordered to pay wife the sum of $100 per month in child support. Subsequently, in March of 1988, the court modified the child support order by increasing the monthly payment to $500.

In November 1989, the parties filed a stipulation with the superior court whereby they agreed to suspend husband's child support payments pending a resolution of husband's claim for injuries "suffer[]ed in an automobile accident." The parties also stipulated that the court would retain jurisdiction to enter any modification of child support retroactive to June 6, 1989. Under the terms of the stipulated agreement, "[t]he amount of support [was to be] based on the income of [husband] during the period since June 6, 1989 plus any payment received by [husband] in settlement of his personal injury claim."

Subsequently, on September 30, 1991, husband filed a motion requesting a modification of his monthly child support obligation from $500 to $200. In a supporting declaration, husband declared that he was first injured in an automobile accident on "March 28, 1991,"[2] and had suffered additional injuries in an second accident on April 21, 1988. Husband averred that his doctors had indicated that he was "totally, partially disabled and [would] be limited in [his] capacity to work." He further stated that he had not been able to work since the date of the initial accident, and that his physical condition had not improved with time. In the latter part of 1990, husband had settled his personal injury claim for $69,184. The extent and nature of husband's injuries were set forth in letters from two treating physicians which were attached as exhibits to husband's motion.

[1]All further rule citations are to the California Rules of Court.
[2]Based on other documentation in the record, it appears that the actual date of the initial accident was March 28, 1988.

Also attached to husband's motion was an income and expense declaration which indicated that husband was currently unemployed, had $0 in net monthly disposable income, $2,096 in monthly expenses, had received a personal injury settlement of $69,184.21, had no money in checking or saving accounts, did not own any real property, and had no other liquid assets.

In a responsive declaration, wife requested that the child support remain at $500 per month and also sought attorney fees and costs. In her attached declaration, wife averred that husband had additional income which had not been revealed to the court. Her income and expense declaration indicated gross annual earnings of $21,721.61, a current monthly income of $2,195, a net monthly disposable income of between $1,200 and $1,300, and total monthly expenses of $3,000, including $300 per month in child care expenses. Wife also disclosed $235 in cash, checking accounts or savings. She further declared that husband "spends 0% of the time with our son . . . ."

At the contested hearing on husband's motion, husband testified he had not filed tax returns for 1989, 1990, or 1991 because he did not have any taxable income for those years. Husband acknowledged his ownership of two rental units, however, and upon questioning stated that in 1989 and 1990, he had received rental income of approximately $5,600 per year. Husband confirmed his receipt of a $69,296 settlement for personal injuries, and testified that he had not worked since 1988. Husband claimed he had no other income since his injury in 1988. Husband also stated that he had received a real estate loan of $62,000 just prior to the hearing. As a result of this new loan, his first and second mortgage payments would total approximately $3,500 per month.

Husband gave conflicting testimony concerning the sale of his business, "Trucuts," in 1988. Initially, he stated that he had derived no income from the sale price of $153,000 because all of the proceeds were paid as taxes. Later, on rebuttal, husband admitted "[t]here were some funds left over from the sale of TruCuts. I mean not the total amount went toward the assessments."

Carl Sutton, a certified public accountant, testified on behalf of wife. After analyzing husband's checking account records from March 1989 to December 1991, Sutton calculated that husband had made deposits totaling some $202,000 during that period, translating to a monthly average deposit of

some $6,700.[3] In arriving at these figures, Sutton relied upon husband's deposition testimony that he had not borrowed any money during this time period, and had only one bank account. Husband's personal injury settlement was included in this total sum.

Utilizing the family law computer program Dissomaster, Sutton determined that if husband had a monthly income of $6,000 and wife had a monthly income of $2,195, husband's monthly child support obligation should be $1,192. Asked about his fee, Sutton testified that wife owed him between $2,500 and $2,600.

Wife's testimony conformed with the information disclosed in her income and expense declaration. As a result of her expenses, she had gone into debt and was using her credit cards to cover her monthly expenses. She also testified that she owed her lawyer approximately $7,500 in attorney fees.

On rebuttal, husband testified that he had also received a check for $17,163 for flood damage to his home. He had placed this money in a safety deposit box and had then "dispersed it into the checking account." He had also placed the funds received from the personal injury settlement into the safety deposit box, and had drawn moneys out for deposit into his checking account as needed.

Subsequently, the court issued a minute order granting husband's request for modification and reducing husband's child support obligation to $325 per month retroactive to June 9, 1989. Husband was also ordered to pay as child care the amount of "$150 [per month] retroactive from time commenced but not earlier than June 9, 1989." In so ruling, the court found that husband had assets subject to an order for child support, i.e., "a substantial personal injury settlement and return on sale that produced some cash." The court further found a "need for support in view of [wife's] income and expense declaration," but noted that it took "issue . . . as to several expense items that appear to be inflated." The court made no additional findings in support of its order. This appeal followed.

---

[3]Wife's counsel informed the court that although he had requested husband's monthly bank statements from January 1, 1988, he had not been provided with eight of the requested statements. As to the missing statements, Sutton relied upon the succeeding month's beginning balance in order to determine the ending balance of the previous month. Then, taking into account the monthly expenses reflected in husband's declaration of income and expenses ($2,608), as well as husband's deposition testimony that he had not borrowed any money during this time period, and had only one bank account, Sutton calculated what deposits would have to be made to cover those expenses. Sutton also relied upon husband's deposition testimony indicating that he deposited the moneys received pursuant to the personal injury settlement into his bank account in November 1990.

*Discussion*

When the Legislature adopted the Agnos Child Support Standards Act of 1984 (Civ. Code,[4] § 4720 et seq.), it made express findings that the state's lack of a "single standard to promote equitable, adequate child support awards" had "led to substantial variation in these awards among families with similar circumstances and resources." (Former § 4720, subds. (a) and (b); Stats. 1984, ch. 1605, § 4, p. 5665.) In order to rectify these inequities, the Legislature declared its intention to "establish a system of standards and procedures . . . which provide for a uniform determination of child support awards throughout the state" (Former § 4720, subd. (d); Stats. 1984, ch. 1605, § 4, p. 5665) and, in the process, to provide for a statewide minimum award of child support. (*Ibid.*; *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 951 [238 Cal.Rptr. 691].) In order to accomplish this goal, the Agnos Act conferred a limited discretion on trial courts to order awards below the mandatory minimum set forth in the act, permitting such an award "only in exceptional circumstances." (§ 4720, subd. (a)(2); former § 4720, subd. (e); Stats. 1984, ch. 1605, § 4, pp. 5665-5666; former § 4720.1, subd. (2); Stats. 1991, ch. 110, § 11, p. 509 & ch. 542, § 8, p. 2292.)

Under the Agnos Act, the court must employ a formula to determine the appropriate amount of child support. (§ 4721; rule 1274; former § 4720.2; Stats. 1991, chs. 110, 542.[5]) In order to apply the formula, however, the court must first make various findings, including the net monthly disposable income of the respective parents. By way of observation, we note that the definition of income under the Agnos Act is very broad, while the deduction provisions are specific and should be narrowly construed. (*In re Marriage of Kirk* (1990) 217 Cal.App.3d 597, 601-602, fn. 4 [266 Cal.Rptr. 76]; § 4721, subds. (f) and (g); former § 4720.2, subd. (g); Stats. 1991, ch. 110, § 13, pp. 517-518, ch. 542, § 4.5, pp. 2284-2285.)

Rule 1274, designed to implement the Agnos Act, requires the court to make certain findings on the record. The rule states in relevant part: "The court shall state on the record the following facts used in determining the guideline amount under this rule: [¶] (1) The net monthly disposable income of each parent, and [¶] (2) The percentage of time each parent has primary responsibility for the children versus the other parent."[6] At the time of the hearing on this matter, section 4720.2, subdivision (c) also provided that

---

[4] All further statutory references are to the Civil Code unless otherwise specified.

[5] Section 4720.2 has since been repealed. However, the formula for determining the minimum amount of child support is now contained in section 4721, subdivision (a) as well as rule 1274.

[6] Though the Agnos Act has undergone constant revisions since its inception, rule 1274 has not been changed since its adoption on March 1, 1991.

"[t]he court shall state on the record the net monthly disposable income of each parent."

 In the instant case, wife correctly contends that the trial court failed to make the mandatory findings required by rule 1274. Husband does not argue otherwise. It also appears that the court's failure to make express findings violated the provisions of former section 4720.2, subdivision (c).[7] (Stats. 1991, ch. 110, § 13, p. 516 & ch. 542, § 4.5, p. 2283.) Moreover, given the various contradictions between husband's income and expense declaration and evidence presented at the hearing, the lack of findings makes it impossible for this court to determine whether the child support award achieved the mandatory minimum required by the Agnos Act. It also makes it impossible for us to assess the propriety of the attorney fee order.[8] Accordingly, we must reverse the challenged orders so that the trial court may make the required findings. On remand, if the court deems it necessary, it may order the parties to submit additional evidence either in the form of documentation or testimony.

In making its findings, the trial court should take into account the discrepancies between husband's income and expense declaration and evidence adduced at the hearing, including evidence that substantial sums of moneys were either deposited by husband into his checking account during the relevant time frame or were placed into a safety deposit box and then disbursed into husband's account. Since husband is the moving party, it is his burden to explain the source and character of these funds so that the trial court may make a ruling, based on substantial evidence, as to whether these moneys should be characterized as income. (§ 4700.1, subd. (d);[9] Evid. Code, §§ 115, 500.)

---

[7] We are aware of the fact that under the current statute, findings are required only upon the request of the parties. (§ 4721, subd. (c).)

[8] Section 4700.1, a provision which predates the Agnos Act, also governs the modification of child support awards and contains various provisions which appear to conflict with the requirements set forth by the Agnos Act. (See, e.g., § 4721, rule 1274; former § 4700.2.) Though neither party discusses the impact, if any, of these conflicting provisions, we note that it has been held that the Agnos Act supersedes section 4700.1 to the extent that it requires the setting of a minimum award. (*In re Marriage of Kirk, supra*, 217 Cal.App.3d 597, 603-604.) Since the lack of findings in this case precludes a determination of whether the minimum award was achieved, we must conclude that the broad discretionary provisions conferred by section 4700.1 are inapplicable. Our holding on this point makes it unnecessary for us to determine whether section 4700.1 has been abrogated to a greater extent than is indicated by *Marriage of Kirk.*

[9] The relevant language, now stated in section 4700.1, subdivision (d), will also be found in section 3688, subdivision (a) of the Family Code, effective January 1, 1994.

## *Disposition*

The orders appealed from are reversed. Costs are awarded to wife.

Premo, Acting P. J., and Elia, J., concurred.