[No. E015835. Fourth Dist., Div. Two. Aug. 6, 1996.]

ROBERT L. STEWART, Plaintiff and Appellant, v. MARIA H. GOMEZ, Defendant and Respondent.

**COUNSEL**

Kirk K. Livermont for Plaintiff and Appellant.

Daniel Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, M.J. Hamilton and Carol Ann White, Deputy Attorneys General, for Defendant and Respondent.

OPINION

McDANIEL, J.*—Robert L. Stewart (plaintiff) has appealed from a judgment ordering him to pay child support in a total amount of $190 per month for his three minor children. Plaintiff contends that the trial court improperly considered as gross income, pursuant to section 4058 of the Family Code: (1) his earning capacity *and* his disability benefits, rather than his earning capacity *or* his disability benefits; (2) his rent-free housing on an Indian reservation, and (3) his meal allowance during the period he attended a vocational training program.[1] In our view, for the reasons stated below, the trial court properly considered the foregoing items as gross income under section 4058. We shall affirm the judgment accordingly.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Maria H. Gomez (defendant) have three daughters (the children). In September 1992, following, apparently, defendant's complaint to establish that plaintiff was the father of the children, an order was entered awarding plaintiff and defendant joint legal custody and shared physical custody of the children. On November 15, 1993, while the children, aged about eight, nine, and eleven, were living with defendant during the week and spending the weekends with plaintiff, the trial court entered a judgment ordering plaintiff to pay child support in a total amount of $103 per month.

On November 24, 1993, plaintiff noticed a request to modify the support judgment. In his income and expense declaration in support of the request, plaintiff stated that: (1) he was a "carpenter on disability"; (2) his net monthly disposable income was $280 per month; (3) he received $80 per month in food stamps; (4) he had no rent or mortgage payments; (5) his total monthly expenses were $280, and (6) he had physical responsibility for the children 45 percent of the time and defendant had such responsibility 55 percent of the time.

After a hearing, for which there is no transcript in the record, the trial court directed the parties to brief the issue of child support. Defendant, represented by the district attorney, contended that plaintiff should be ordered to pay $180 per month from February 1994 through July 1994, and $190 per month as of August 1994. The $180 was based on, among other things, plaintiff's vocational rehabilitation benefits plus a meal allowance of

---

*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]This case is governed by the child support provisions in the Family Code, which became operative on January 1, 1994, over nine months before the trial court made its ruling on October 26, 1994. Unless otherwise noted, all statutory references are to the Family Code.

$12 per day. The $190 was based on: (1) $641 per month in permanent disability benefits; (2) $737 per month representing defendant's ability to earn the minimum wage, and (3) $150 per month representing the fair market value of plaintiff's free housing on the reservation.

Plaintiff contended that the trial court should not add his ability to earn to his disability benefits and that the court should not consider his free housing as income.

The court agreed with defendant, and issued a ruling ordering defendant to pay child support of $180 per month from February 1994 through July 1994, and $190 per month thereafter. The court rationalized its ruling as follows: (1) plaintiff had the ability to earn at least minimum wage in the gross amount of $737 per month; (2) such ability should be added to plaintiff's disability benefits because the two were not mutually exclusive in that plaintiff received the benefits whether he worked or not, and (3) plaintiff should be charged with the reasonable value of the free rent he received because, under the Agnos Child Support Standards Act (former Civ. Code §§ 4720-4732, now Fam. Code §§ 4050-4076, hereinafter referred to as the Agnos Act or the Act), the reasonable value of nonmonetary benefits received by a parent was chargeable as part of the parent's gross income. Although the court did not expressly refer to plaintiff's meal allowance of $12 per day during the three-month period from February 1994, through July 1994, by ruling that plaintiff should pay $180 in support during such period, the court impliedly accepted and applied defendant's argument that plaintiff's meal allowance should be considered as income.

Thereafter, the trial court entered a judgment ordering plaintiff to pay child support in the foregoing amounts. This appeal followed.

### DISCUSSION

In pursuing his appeal, plaintiff contends that the trial court abused its discretion by considering, as gross income under section 4058: (1) his earning capacity in addition to his disability benefits; (2) his rent-free housing, and (3) his meal allowance.

### I.

*The Trial Court Did Not Abuse Its Discretion by Adding Plaintiff's Earning Capacity to His Disability Income*

 As we have noted, the trial court combined plaintiff's earning capacity with his income from disability benefits in computing his gross income.

Plaintiff contends that such combination is prohibited by subdivision (b) of section 4058. That subdivision recites: "The court may, in its discretion, consider the earning capacity of a parent *in lieu of* the parent's income, consistent with the best interests of the children." (Italics added.) Plaintiff contends because "in lieu of" means "[i]nstead of; in place of; [or] in substitution of" (Black's Law Dict. (5th ed. 1979) p. 708, col. 1), that the court could consider either his earning capacity or his disability income, but could not combine the two.

However, it is precisely because section 4058, subdivision (b) allows a court to consider earning capacity "in lieu of" income that the court here could consider both plaintiff's earning capacity and his unearned income from disability benefits. This is so because to consider one item in lieu of rather than in addition to another item implies that the items are inconsistent and therefore that they cannot be considered together. (See, e.g., the following illustration of "in lieu of" in Webster's New Internat. Dict. (3d ed. 1961) p. 1306, col. 1: "striking out the words 'one year' and inserting '*in lieu* there*of* the words 'six months'—*U.S. Code*." (Original italics.) See also *Carey* v. *Retirement Board* (1955) 131 Cal.App.2d 739 [281 P.2d 25]: "Under the above quoted provision of the [city] charter it is clear that the portion paid because of death or retirement on account of injury is paid *in lieu of,* or in place of, all other benefits . . . ." (*Id.* at p. 744, original italics, disapproved on other grounds in *Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 453 [326 P.2d 484].)

Here, as the trial court correctly reasoned, plaintiff's earning capacity is not inconsistent with his unearned income from disability benefits. Accordingly, the court was not required to consider the capacity in lieu of the benefits.

Plaintiff's contention to the contrary cannot be harmonized with the expansive definition of gross income in subdivision (a) of section 4058. Under that subdivision, the gross income of a parent is "income *from whatever source derived* [except child support payments and public assistance] . . . includ[ing], but . . . not limited to . . . : [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding. . . . [¶] (2) Income from the proprietorship of a business . . . reduced by expenditures . . . . [¶] (3) In the discretion of the court, employee benefits or self-employment benefits . . . ." (Italics added.)

Plaintiff's interpretation of subdivision (b) of section 4058 would preclude a court from considering the earning capacity of, for example, an unemployed parent who received $1,000 a year in "income" from royalties or

from a trust. Such an interpretation is clearly contrary to the purpose of the Agnos Act "[to] ensure that children actually receive fair, timely, and *sufficient* support." (§ 4053, subd. (*l*), italics added.) In view of the Act's goal of ensuring that children receive "sufficient" support, the term "income" in subdivision (b) of section 4058 must be limited to income which is inconsistent with "earning capacity," such as salaries and wages.

Such limitation is in accord with existing case law. As the court said in *County of Yolo* v. *Garcia* (1993) 20 Cal.App.4th 1771, 1783 [25 Cal.Rptr.2d 681]: "[The requirement in] Civil Code former section 4721[] [now Family Code section 4058] . . . of 'consideration' of earning capacity . . . simply reiterates the existing law. The case law had long called for awards to be based on *earnings or, where appropriate, earning ability*." (Italics added.) (See also *In re Marriage of Everett* (1990) 220 Cal.App.3d 846 [269 Cal.Rptr. 917] ["The Agnos Act now permits attribution of 'earning capacity' to an *unemployed* or *underemployed* parent without specifically narrowing such consideration to deliberate attempts to foil support obligations." (*Id.* at p. 859, italics added.)]; *Estevez* v. *Superior Court* (1994) 22 Cal.App.4th 423, 428 [27 Cal.Rptr.2d 470] ["A child was . . . and is . . . to be supported in the manner suitable to the child's circumstances, taking into consideration the respective *earnings or earning capacities* of the parents." (Italics added, citing, among other things, § 4058, subd. (b).)].)

Plaintiff does not contest the trial court's finding that he has the ability to earn $737 per month, but contends only that the trial court could not add the $737 to his disability income. On the basis of the foregoing analysis, we hold that the trial court properly added the two items together.

## II

### *The Trial Court Did Not Abuse Its Discretion in Considering the Fair Market Rental Value of Plaintiff's House as Income*

As we have noted, the trial court considered the reasonable monthly value of plaintiff's rent-free housing as income. Plaintiff contends that such consideration was improper because free housing is not one of the items listed as income in subdivision (a) of section 4058.

However, subdivision (a) of section 4058 defines "gross income" as "*includ*[*ing*]*, but . . . not limited to*" (italics added) the listed items. "The statutory definition of a term as 'including' listed items does not necessarily limit the original term to the listed inclusions." (*County of Contra Costa* v. *Lemon* (1988) 205 Cal.App.3d 683, 688 [252 Cal.Rptr. 455].)

Defendant suggests that subdivision (a)(3) of section 4058 supports the trial court's decision to consider plaintiff's free housing as income. We agree. That subdivision gives the court discretion to consider as income: "employee benefits or self-employment benefits, taking into consideration the benefit to the employee, *any corresponding reduction in living expenses*, and other relevant facts." (Italics added.)

In other words, if plaintiff received free housing as a part of his employment, the trial court could, in its discretion, include the reasonable value of such housing as income under section 4058, subdivision (a)(3). We see no reason to distinguish an employee housing benefit from an Indian reservation housing benefit. The benefits are comparable because both result in a "reduction in living expenses" and therefore in an increase in money available for child support. Because the benefits are comparable, we hold that the trial court properly included the reasonable rental value of plaintiff's house as income.

III

*The Trial Court Did Not Abuse Its Discretion in Considering
Plaintiff's Meal Allowance as Income*

Plaintiff contends that his meal allowance during his vocational training program was a "job-related expense" which the trial court should have deducted under subdivision (f) of section 4059 rather than considered as income under section 4058.

As a general proposition, we observe that "the definition of income under the Agnos Act is very broad, while the deduction provisions are specific and should be narrowly construed." (*In re Marriage of Rine* (1993) 18 Cal.App.4th 953, 958 [23 Cal.Rptr.2d 10].) More specifically, the deduction provision at issue here, subdivision (f) of section 4059, allows a court, in computing a parent's annual net income, to deduct "[j]ob-related expenses . . . after consideration of whether the expenses are necessary, the benefit to the employee, and any other relevant facts."

"Such job related expenses clearly include costs directly incurred for employment purposes—e.g., tools, uniforms, etc., [and] also arguably include[] any other *unreimbursed* costs that would not be incurred *but for employment*—e.g., on-the-job parking expenses, and transportation and mileage for commuting to and from work." (Hogoboom & King, Cal. Practice Guide: Family Law I (The Rutter Group 1996) ¶ 6:226, p. 6-69, italics on "unreimbursed" added, italics on "but for employment" in original, other italics deleted.)

Here, plaintiff's meal expenses during his vocational training program *were* reimbursed and *would have been incurred* in the absence of the program. Accordingly, they were not expenses under subdivision (f) of section 4059 and the allowance therefor was tantamount to an "employee benefit[]" under subdivision (a)(3) of section 4058. Thus, the trial court properly treated the allowance as income.

■ "The amount of child support rests in the sound discretion of the trial court, and an appellate court will not interfere with the trial court order unless as a matter of law an abuse of discretion is shown." (*In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33, 54 [272 Cal.Rptr. 560].) On the basis of the foregoing analysis, we hold that the trial court did not abuse its discretion in making the judgment here.

DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Ward, J., concurred.