[No. F023022. Fifth Dist. Nov. 4, 1996.]

COUNTY OF TULARE, Plaintiff and Respondent, v.
DOUGLAS S. CAMPBELL, Defendant and Appellant.

**848**

**COUNSEL**

Edmund L. Montgomery for Defendant and Appellant.

Phillip J. Cline, District Attorney, Gary H. Evans, John S. Higgins, Jr., and David T. Kaye, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**BUCKLEY, J.**—In this opinion, we hold that Family Code section 4057.5,[1] which generally precludes consideration of new spouse income in the determination of child support, does not prohibit consideration of new spouse income in determining the supporting parent's actual tax liability pursuant to section 4059.

### FACTS

The marriage of Cerise and Douglas Campbell was dissolved on May 14, 1986. Primary physical custody of the parties' minor child was awarded to wife; husband was ordered to pay child support in the amount of $100 per week.

Thereafter, respondent Tulare County District Attorney's Office, Family Support Division, acting on behalf of wife, filed a motion for modification of the 1986 child support order. The motion was heard on October 3, 1994. The hearing focused on whether husband's new spouse's income information could be utilized in calculating husband's tax liability. The trial court resolved this issue in favor of respondent, denying husband's request to consider the tax effect of the new spouse's income as part of the determination of his net disposable income. Monthly child support was increased to $709 per month.

### DISCUSSION

■   "[T]he trial court's determination to grant or deny a modification of a support order will ordinarily be upheld on appeal unless an abuse of discretion is demonstrated." (*County of San Diego* v. *Sierra* (1990) 217 Cal.App.3d 126, 130 [265 Cal.Rptr. 749].) Reversal will be ordered only if prejudicial error is found after examining the record of the proceedings below. (*Ibid.*) However, questions relating to the interpretation of statutes are matters of law for the reviewing court. (*Golden* v. *City of Oakland* (1975) 49 Cal.App.3d 284, 287-288 [122 Cal.Rptr. 400].)

■   The Legislature adopted the Agnos Child Support Standards Act of 1984, codified at former Civil Code section 4720 et seq. (now Fam. Code, § 4050 et seq.). In doing so, the Legislature intended to establish a system of standards and procedures providing for a uniform determination of child support awards throughout the state. (*In re Marriage of Rine* (1993) 18 Cal.App.4th 953, 958 [23 Cal.Rptr.2d 10].) "Under the Agnos Act, the court

---

[1]Unless otherwise noted all statutory references are to the Family Code.

must employ a formula to determine the appropriate amount of child support." (*Ibid.*) Section 4055 sets forth this formula.[2] One of its essential components is the "net disposable income" of each parent. (§ 4055, subd. (b).) Subdivision (b)(2) of section 4055 provides that in order to determine a parent's net disposable income, one is to "see Section 4059."

Section 4059 provides that the annual net disposable income of each parent is calculated by deducting from his or her annual gross income the actual amounts attributable to certain items. One of these items is "state and federal income tax liability resulting from the parties' taxable income." This deduction "shall bear an accurate relationship to the tax status of the parties (that is, single, married, married filing separately, or head of household) and number of dependents. State and federal income taxes shall be those actually payable (not necessarily current withholding) after considering appropriate filing status, all available exclusions, deductions, and credits." (§ 4059, subd. (a).) ■ "[T]he categories of deductions from gross income are specific and should be narrowly construed." (*In re Marriage of Kirk* (1990) 217 Cal.App.3d 597, 602, fn. 4 [266 Cal.Rptr. 76]; see also *In re Marriage of McQuoid* (1991) 9 Cal.App.4th 1353, 1358 [12 Cal.Rptr.2d 737].)

Before January 1, 1994, trial courts had the authority to consider a new spouse's income in a child support action. (*In re Marriage of Wood* (1995) 37 Cal.App.4th 1059, 1066 [44 Cal.Rptr.2d 236].) This is no longer true. Section 4057.5, enacted in 1993, now explicitly provides that any income generated by a parent's subsequent spouse or nonmarital partner is not to be considered when determining or modifying child support, except in an extraordinary case when excluding that income would lead to extreme and severe hardship to any child subject to the child support award. In such a case, the court is also to consider whether including this income will lead any child supported by the parent or subsequent spouse to suffer extreme and severe hardship.

Calculation of the statutorily mandated child support award often requires technological assistance. One of two sophisticated computer programs is

---

[2]This complicated algebraic equation has been subject to scathing criticism: "[W]e are left with a process for determining child support not understood by the legislators who enacted it [citation], judges not regularly handling family law cases who are assigned one and do not understand the formula and who may not have the computer resources or the computer know-how to compute it, and parties with child support orders imposed upon them by a formula which no one can explain to them. Even Lewis Carroll, when writing Alice in Wonderland, could not have contemplated such a bizarre situation. Historically, although California has been in the forefront of the development of family law, no other state uses California's approach to child support. It is truly a sad state of affairs, when one considers that child support is a critically important financial issue affecting the lives of hundreds of thousands of parents and children in California." (*In re Marriage of Carter* (1994) 26 Cal.App.4th 1024, 1029, fn. 5 [33 Cal.Rptr.2d 1].) This court agrees with the observations expressed above.

routinely used by most family law judges in California. " 'The computer programs determine child support according to the statutory formula and calculate temporary spousal support as provided by local rules for the ordinary case. The benefit of the programs is that they enable a family law judge to input appropriate factual information about the income of the parties and have temporary spousal support computed in accordance with local rules, automatically taking into account the tax consequences of the order to each party.' " (*In re Marriage of Carter, supra,* 26 Cal.App.4th at p. 1027, fn. 3.)

The program used here is named "DissoMaster." It was developed by Stephen Adams, Esq., and is produced by California Family Law Report. (*In re Marriage of Carter, supra,* 26 Cal.App.4th at p. 1027, fn. 3.) Line 10 of the DissoMaster program directs the user to input the gross income of a new spouse if the parent is filing a joint return with the new spouse. "You must enter the new spouse's gross in order for the program to determine an accurate tax liability for the filing spouse." (Adams, Users Guide (Cal.Fam.L.Rep. 1995) p. 15.) The program then runs a 1040 tax return based on the combined gross income and determines the filer's and new spouse's respective portions of the combined total tax liability. Entry on this line is used for tax purposes only. Unless the parent's tax filing status is married filing jointly, DissoMaster ignores any entry on this line. (*Id.* at p. 86.)

■ We are called upon to assess the trial court's refusal to input the gross income of appellant's new spouse on line 10 of the DissoMaster program. The court reasoned that section 4057.5 precludes consideration of the new spouse's income for any purpose (absent an extraordinary case in which failure to consider this income would lead to extreme and severe hardship), even to determine a parent's actual tax liability. As will be explained below, the trial court's reading of section 4057.5 is overbroad; it ignores section 4059, subdivision (a), which specifically provides that the deduction from gross income for income taxes payable shall reflect the parent's actual tax liability.

This is an issue of first impression. Only *In re Marriage of Wood, supra,* 37 Cal.App.4th 1059, has considered the effect of section 4057.5. There, the reviewing court addressed the propriety of an order reducing the noncustodial parent's child support obligation because the custodial parent, who was unemployed, had married a wealthy spouse, and the children consequently enjoyed an affluent standard of living. The appellate court found the order to be an abuse of discretion, reasoning that "[A]lthough the trial court claimed only to take into account [the new spouse's] income as it related to [the

custodial parent's] standard of living, this was tantamount to considering new mate income." (37 Cal.App.4th at p. 1066.) In the appellate court's view, ". . . the only time a trial court may consider new mate income is when not considering it will result in extreme hardship to a child. Otherwise, according to the Legislature, this new mate income is a factor which may not be taken into account." (*Id.* at pp. 1069-1070.) However, *In re Marriage of Wood* did not discuss section 4059, subdivision (a) or touch upon the issue presented here. Therefore, its broadly expressed dicta prohibiting any use whatsoever of the new spouse's income is not controlling.

Absent persuasive precedent on the issue, resolution of the question presented requires this court to determine the Legislature's intent in enacting section 4057.5. ■ Our analysis follows "accepted rules for statutory construction, including the overriding objective of adherence to the intention of the Legislature [citation] and recognition of the principle that legislative intent is best determined by the language of the statute. [Citation.] ■ In construing the Agnos Act it is necessary to harmonize its provisions with preexisting and companion provisions of the system of laws of which it is a part . . . ." (*In re Marriage of Kirk, supra,* 217 Cal.App.3d at p. 604, fn. 5.) ■ Statutes are to be interpreted to give significance to every word contained therein; an interpretation which leads to absurd consequences should be avoided. (*California School Employees Assn.* v. *Travis Unified School Dist.* (1984) 156 Cal.App.3d 242, 247-248 [202 Cal.Rptr. 699].) Unless the intent of a statute can only be served by demanding strict compliance with its terms, substantial compliance is the governing test. (*Downtown Palo Alto Com. for Fair Assessment* v. *City Council* (1986) 180 Cal.App.3d 384, 394 [225 Cal.Rptr. 559].)

■ It is presumed that when the Legislature adopts legislation it is aware of its prior enactments. (*Sanford* v. *Garamendi* (1991) 233 Cal.App.3d 1109, 1124 [284 Cal.Rptr. 897].) Courts are bound to maintain the integrity of both statutes if there is any possibility of concurrent operation. (*People* v. *Barrios* (1985) 166 Cal.App.3d 732, 746 [212 Cal.Rptr. 644].) Unless the Legislature expresses an intent to abrogate an earlier enactment, later legislation is to be interpreted to avoid conflict with the earlier. (*Van de Kamp* v. *Bank of America* (1988) 204 Cal.App.3d 819, 838 [251 Cal.Rptr. 530]; *Sanford* v. *Garamendi, supra,* 233 Cal.App.3d at p. 1124.) "Generally, it will not be presumed the Legislature intended to repeal, in whole or in part, existing statutes by a later enacted statute in the absence of an express declaration to that effect." (*Van de Kamp* v. *Bank of America, supra,* 204 Cal.App.3d at p. 837.) The presumption is therefore "against repeal by implication where express terms are not used and the statutes are not irreconcilable." (*Id.* at p. 838.)

The Legislative history of section 4057.5 sheds no light on the issue; we are unaware if the tax effects of remarriage on the disposable income of the parents were even considered by the drafters. However, it appears the section was enacted to address concerns of subsequent spouses who were, by virtue of marriage, forced to support their spouse's children and ex-spouse.[3]

Since the Legislature did not express an unequivocal intent to abrogate section 4059, we therefore seek to harmonize this section with section 4057.5, giving substantial compliance to both sections.

Section 4059 requires the deduction from gross income for state and federal income taxes to "bear an accurate relationship to the tax status of the parties" and reflect taxes "actually payable" by the parent. This clearly evidences an intent on the part of the Legislature to ensure that the deduction for tax liability accurately reflects the actual taxes due and payable by a parent. When a parent has married a wage-earning spouse with whom he or she is filing a joint tax return, accurate calculation of the parent's actual tax liability is not possible unless the couple's combined gross income is considered. The new spouse's income is merely included in the calculation of the parent's actual federal and state liability; while that inclusion may, depending on the circumstances, affect the "bottom-line" child support amount, we do not perceive this indirect effect as being at odds with section 4057.5. Rather we interpret section 4057.5 as prohibiting direct consideration of a new spouse's income in determining proper support, absent extraordinary circumstances. Thus, the trial court is not authorized to raise or lower child support because a parent has remarried. However, this does not preclude determination of a parent's actual tax liability based on the combined gross income of the parent and his or her new spouse. This tax liability may then be taken into account in order to accurately determine the parent's real net disposable income.

Respondent argues this interpretation permits deduction from the obligor parent's gross income of all taxes payable on the new spouse's income. The fallacy of this argument is obvious. All taxes payable on the combined income are not deducted from the income of the obligor parent. Rather, the two incomes are combined to result in an adjusted gross income from which the couple's tax liability is calculated. The taxes are then apportioned between the two in direct proportion to their respective gross incomes. It is the *actual tax liability of the parent* which is deducted from his or her gross income, not the new couple's total tax bill.

---

[3]The legislative "packet" regarding this section contains many letters addressing this perceived inequity.

Respondent also posits several scenarios where calculation of tax liability based on combined gross income would result in lower support awards. Although it is true that calculation of the parent's actual federal and state tax liability based upon the couple's combined gross income could conceivably result in higher tax liability and consequent reduction in net disposable income, this will not always be the case. Moreover, respondent ignores the fact that if a parent's tax rate increases because of a high earning spouse, resulting in increased tax liability and lower net income, the parent will be responsible for paying this higher tax bill. He or she will, in actuality, have less disposable income. The plain language of section 4059 demonstrates that the purpose of the section is to ensure accurate calculation of an obligor parent's *actual* net disposable income, a determination which must take into account the fact of remarriage and subsequent change in net income and number of dependents when the parent and new spouse file a joint income tax return.

This argument also ignores the fact that section 4057.5 provides that if its application will cause any child to suffer severe and extreme hardship, the new spouse's income may be directly taken into account.[4]

Finally, respondent implores this court to consider the "inequitable results" which will allegedly result if the award is not upheld. Respondent ignores the essential unfairness of its own position. It is demanding that this court ignore the realities of remarriage and consequent tax effects. The interpretation of sections 4059 and 4057.5 adopted here merely permits calculation of a parent's actual tax bill. A remarried parent realizes no significant benefit from our decision: that which might possibly be gained in lower child support payments is subsequently lost to the Internal Revenue Service. It would be a greater injustice to require the parties, for purposes of child support calculation only, to engage in a legal fiction and ignore the indisputable fact that one or more of the parents has remarried and is liable for taxes based on the new couple's combined gross income. Were we to adopt respondent's position, pretending the parent is not responsible for taxes based on the joint income, we would, in practical effect, be punishing

---

[4]Section 4057, subdivision (a) presumes the section 4055 formula for child support is correct. Section 4057, subdivision (b) provides that the presumption may be rebutted by admissible evidence showing application of the formula would be unjust or inappropriate. Ordinarily, once this showing is made, a trial court can make any equitable adjustment of child support, within reason. (*In re Marriage of Wood, supra,* 37 Cal.App.4th at p. 1069.) However, *Wood* then stated that "the only time a trial court may consider new mate income is when not considering it will result in extreme hardship to a child" (*ibid.*), thereby implicitly stating that section 4057.5 and its stricter standard supersedes the more liberal standard of section 4057.

While we may question this conclusion reached by the *Wood* court, that issue is not presented here and therefore need not be addressed.

him or her for remarrying and unfairly burdening the second family, an effect obviously not intended by the Legislature when it enacted section 4057.5.

For these reasons, we therefore hold that when a parent has remarried and is filing a joint tax return, section 4057.5 does not prohibit consideration of the new couple's combined gross income for the limited purpose of determining the parent's actual tax liability in accordance with section 4059. In concluding otherwise, the trial court erred.

## DISPOSITION

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are awarded to appellant.

Ardaiz, P. J., and Thaxter, J., concurred.