Filed 7/31/14  San Bernardino Cty. Dept. Child Support v. Pascual CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | E057498 |
| Plaintiff and Respondent, | (Super.Ct.No. CSKS1103685) |
| v. | OPINION |
| RICHARD PASCUAL, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John A. Crawley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed with directions.

Law Offices of F. Adrian Muñoz and Richard S. Singer for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez, and Ricardo Enriquez, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant Richard O. Pascual appeals from a judgment ordering payment of child support, which was entered on August 13, 2012. On appeal, Pascual argues the trial court abused its discretion when it did not join Monica Silvestre, the mother, to the action; it included basic allowances for housing and subsistence in calculating Pascual's income; it denied Pascual's motion to set aside his voluntary declaration of paternity; and it did not make necessary findings.

Plaintiff County—the County of San Bernardino, Department of Child Support—generally disputes these contentions but agrees that the case may be remanded to determine whether Pascual is entitled to a hearing on his motion to set aside the paternity declaration. We agree the trial court did not abuse its discretion but the judgment is reversed and the case remanded to address Pascual's challenge to his voluntary declaration of paternity and any related issues.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, County filed a complaint against Pascual seeking child support for Joseph, who was born in April 2002. The complaint alleged that the parents were Pascual and Silvestre, who had both signed a Voluntary Declaration of Paternity. The complaint sought monthly support of $808, beginning May 1, 2011, and the payment of health insurance and requested that Silverstre be added as a party. Pascual's gross monthly income was $4,426.

Pascual filed an answer in August 2011, responding that his actual income was less than stated in the complaint and he was entitled to credit for past child support.

In October 2011, County filed a notice of motion for judgment asking Silvestre not be added as a party because she was incarcerated. The motion also sought child support to be paid to Suzanne Wise, a cash-aided "non-needy caretaker," beginning May 1, 2011. (Welf. & Inst. Code, § 11477, subd. (a)(1)(ii).) Wise was Joseph's maternal grandmother, who had custody of him while Silvestre was incarcerated.

Pascual filed a response asking that the order not be retroactive and that the other parent share support although Pascual acknowledged that Silvestre was serving a two-year prison sentence.

In his supporting declaration, Pascual stated he is Joseph's father; he was present at the hospital when the child was born in April 2002; and he signed the birth certificate, although he and Silvestre were separated at that time. In August 2003, Pascual enlisted in the Army and listed Joseph as his dependent for health and dental insurance although Silvestre refused to receive the insurance cards.

Pascual was deployed to Germany and Iraq in 2003 and 2004. In December 2004, he arranged for money to be paid to Silvestre's brother for Joseph's support. Later he gave money to Silvestre when he could locate her. In March 2005, Pascual got married while on leave and had Joseph for a one-week visit. In June 2005, Silvestre demanded more money and refused to let Pascual see Joseph.

In October 2006, Pascual was stationed in Barstow and hired a lawyer to assist him with visitation. Silvestre's father allowed Pascual to have contact with Joseph while

3

Silvestre was in jail in December 2006. After she was released, Pascual could not locate her. From October 2009 until December 2011, Pascual was in Georgia or Iraq. In March and June 2011, he tried unsuccessfully to find Joseph.

As part of his response, Pascual argued that the monthly amounts of $1,128 and $325.04—which he received for BAH (Basic Allowance for Housing) and BAS (Basic Allowance for Subsistence)[1]—should be excluded from child support calculations. Pascaul's lawyer also stated that he was filing a custody action on behalf of Pascual.

The hearing on December 16, 2011, was continued because Pascual raised an issue about paternity. Pascual then filed an application to set aside his voluntary declaration of paternity. He submitted another declaration, stating that he had doubted his paternity but his own father had forced him to sign the declaration. Nevertheless, Silvestre had thwarted his efforts to have contact with Joseph although he gave her money and enrolled Joseph in his health insurance. At that time, Silvestre was incarcerated and Joseph was living with his maternal grandmother.

At the hearing on March 12, 2012, the court denied as untimely Pascual's paternity challenge and granted judgment for a support order of $805 monthly, including the basic allowances. The court also did not add Silvestre as a party and found that "this is a non-needy caretaker case and the support obligation shall end when aid ends."

---

[1] "The BHA is a monthly payment for active military members that is intended to defray the cost of civilian housing. (37 U.S.C. § 403(a)(1).) The BSA is an additional monthly sum to subsidize the cost of meals purchased on or off base. (37 U.S.C. § 402(a)(1).)" (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 552, fn. 4.)

III

ADDING SILVESTRE AS THE OTHER PARTY

The trial court's determinations regarding an award of child support and joinder are reviewed for an abuse of discretion. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555, citing *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282-283; *County of Imperial v. Superior Court* (2007) 152 Cal.App.4th 13, 25.) Pascual claims the trial court abused its discretion by not joining Silverstre as the other party.

Pascual's argument fails to consider that the support order imposed by the court was only in effect from May 1, 2011 until "aid ends"—presumably when Silvestre was released from incarceration—which apparently occurred before March 2013—and she regained custody of Joseph from his grandmother. It was certainly not an abuse of discretion for the court to decide that Silvestre should not be joined as a party when she was in prison and had no income. After she was released from prison, the support obligation Pascual was paying to Wise would end. Therefore, Pascual's request that this action be dismissed may be moot if the support order has now ended.

Notwithstanding the foregoing, we also agree with the County's argument that Silvestre is not a necessary party under Welfare and Institutions Code section 17404 because she was not requesting or receiving support enforcement services. Instead, the support enforcement was for the benefit of Joseph's grandmother, his caretaker. Furthermore, Pascual's support obligation was calculated independently of Silvestre's obligation. (Welf. & Inst. Code, § 17402.) Therefore, adding her as the other party would not have reduced the amount of Pascual's support order. Under these

5

circumstances, it was not an abuse of discretion to deny Pascual's request to join Silvestre as the other party.

IV

BAH AND BAS

The trial court based its monthly support order of $805 partly on the BAH and BAS payments of $1,128 and $325.04, which were made to Pascual as an active Army member. (*In re Marriage of Stanton, supra,* 190 Cal.App.4th at p. 253.) In nonmilitary cases, the courts have held that ordinary housing and meal reimbursements are not job-related and are not excludable from income. (*Stewart v. Gomez* (1996) 47 Cal.App.4th 1748, 1755.)

Pascual's arguments that BAH and BAS payments should be excluded from child support calculations, which are based on federal law, were comprehensively rejected in *Stanton*: "We join other courts in holding federal preemption is inapplicable to military allowances such as BAH and BAS. The inclusion of such allowances does not do major damage to a clear and substantial federal interest. [Citation.] 'To the contrary, the Department of Defense by regulation and otherwise encourages members of the armed forces to fulfil [*sic*] their family commitments.' [Citations.]" (*In re Marriage of Stanton, supra,* 190 Cal.App.4th at pp. 560-561.)

*Stanton* also expressly rejected reliance on 42 United States Code section 659, "a federal statute that excludes military allowances 'payable pursuant to chapter 7 of title 37, United States Code [(37 U.S.C.S. § 401 et seq.)], as prescribed by the Secretaries concerned . . . as necessary for the efficient performance of duty,' from income subject to

6

withholding in a garnishment proceeding against the United States government to satisfy support obligations.  (42 U.S.C. § 659(h)(1)(B)(ii); 5 C.F.R. 581.104(h)(2)(ii), (iii) (2010).)"  (*In re Marriage of Stanton, supra,* 190 Cal.App.4th at p. 556.)  *Stanton* concluded that federal statutes—making military allowances for housing and food nontaxable and exempting them from garnishment—do not preempt the inclusion of such allowances in a party's gross income for purposes of calculating child and spousal support.  (*In re Marriage of Stanton,* at pp. 556-560, citing 10 U.S.C. § 101(a)(15); 26 U.S.C. §§ 134(a), 134(b)(1)(A); Personal Responsibility and Work Opportunity Reconciliation Act of 1996, § 362(a), 42 U.S.C.A. § 659(h)(1)(B)(ii); 5 C.F.R. 581.104(h)(2)(ii), (iii) (2010); Fam. Code § 4058, subd. (a).)  The trial court followed established law and did not abuse its discretion by including BAH and BAS in its child support calculations.

V

DECLARATION OF PATERNITY

The County agrees that, under the Servicemembers Civil Relief Act (SCRA), 50 United States Code section 501 et seq., Pascual may be able to challenge the voluntary declaration of paternity because the limitations period for an action was tolled during the period of his active duty military service.  (50 U.S.C. § 526(a); *Conroy v. Aniskoff* (1993) 507 U.S. 511, 512-516.)  However, the County contends Pascual's request to set aside the declaration under Family Code section 7575, subdivision (c), will fail on the merits.  This argument—and other arguments made by the County about what should happen on

7

remand to the trial court—are not at issue in this appeal. We do not predict what should or will happen after remand.

We conclude that remand to the trial court is appropriate for further proceedings regarding Pascual's efforts to set aside the paternity declaration. Upon remand, the trial court will also be able to address Pascual's related contention about whether he may claim custody based on whether his paternity is established. However, Pascual waived his additional claims regarding the stay of the support order and any error made in calculating the support order based on Pascual filing his taxes in California, not Georgia. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2.)

## VI

## DISPOSITION

The trial court's orders are affirmed with the exception of the order denying Pascual's request to set aside the declaration of paternity as untimely. We remand for the sole purpose of addressing Pascual's challenge to his voluntary declaration of paternity.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.

MILLER
J.

8