NORTHWEST ENGINEERING CREDIT UNION, Plaintiff-Respondent,

v.

Jeffrey D. JAHN, Defendant-Appellant,

PEOPLE'S MARINE BANK, Garnishee.

Court of Appeals

*No. 83–2290. Submitted on briefs May 21, 1984.— Decided June 26, 1984.*
(Also reported in 353 N.W.2d 67.)

For the appellant the cause was submitted on the briefs of *Legal Services of Northeastern Wisconsin, Inc.* and *Donald J. Wall* of Green Bay.

For the respondent the cause was submitted on the brief of *Evans, Venci & Camilli* and *Thomas A. Camilli* of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.   Jeffrey Jahn appeals from a judgment directing Peoples Marine Bank to pay to the court the $127.47 Jahn had in a checking account at the bank, with the money to then be paid to Northwest Engineering Credit Union as partial satisfaction of its judgment against Jahn. Jahn contends that sec. 49.41, Stats., exempts the money from garnishment because it was traceable to his Aid to Families with Dependent Children (AFDC) grant, and that he is entitled to summary judgment. Because sec. 49.41 exempts the money from garnishment, we reverse the judgment and direct the trial court to grant Jahn's motion for summary judgment.

Northwest obtained a judgment against Jahn for $702.07 and instituted this garnishment action to obtain the money in Jahn's checking account as partial satisfaction of that judgment. The trial court found that the entire $127.47 consisted of traceable and identifiable AFDC funds paid to Jahn, but ordered the money paid to Northwest.

Section 49.41 exempts the $127.47 from garnishment because Jahn received the money as an AFDC grant. That section states:

Assistance grants exempt from levy. All grants of aid to families with dependent children . . . are exempt from every tax, and from execution, garnishment, attachment and every other process and shall be inalienable.

Northwest contends that an AFDC grant loses its exempt status either when it is received by the recipient or de-

posited in a checking account. Although Northwest suggests that Jahn's grant money was commingled with non-AFDC money when deposited in the account, the trial court's finding that the money was traceable, based upon Jahn's unrebutted affidavit, is not clearly erroneous and we base our decision on that finding. *See* sec. 805.17 (2), Stats.

The language of sec. 49.41 is clear on its face. When statutory language is clear and unambiguous, we must give the language its ordinary and accepted meaning. *DNR v. Wisconsin Power & Light Co.,* 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982). AFDC grants are exempt from garnishment and are inalienable. No exceptions to that rule are given. The purpose of the AFDC program is to provide recipients with the necessities of life, not to make public funds available to pay preexisting debts. *See* 42 U.S.C. § 601 (1983). Depositing funds in a checking account is a common method of managing money, and we see no reason why a welfare recipient should be penalized for doing so. Northwest's interpretation of the statute would force welfare recipients to keep their money at home, perhaps hidden in a mattress. That is not this law's intent.

Several other states have interpreted similar statutes and all have held that public welfare funds are exempt in such situations. *See Branford Manor Associates v. Hargey,* 362 A.2d 1390 (Conn. 1976) ; *Cochennour v. Lofton,* 379 N.E.2d 922 (Ill. App. 1978) ; *MacQuarrie v. Balch,* 285 N.E.2d 103 (Mass. 1972) ; *Guardian Loan Co. v. Baylis,* 270 A.2d 304 (N.J. 1970) ; *Consumer Credit Corp. v. Lewis,* 313 N.Y.S.2d 879 (N.Y. 1970) ; *Goodyear Service Store v. Speck,* 355 N.E.2d 886 (Ohio App. 1976). Northwest points to no state that has held otherwise.

Jahn is entitled to summary judgment. Summary judgment is appropriate where the determination of an issue of law concludes the case. *Garcheck v. Norton Co.,* 67

Wis. 2d 125, 130, 226 N.W.2d 432, 435 (1975). Since the funds are exempt, Northwest cannot garnish the funds.

*By the Court.*—Judgment reversed and cause remanded with directions.