IN RE the MARRIAGE OF: John G. THIBADEAU,
Petitioner-Respondent,

v.

Diane M. THIBADEAU, Respondent-Appellant.

Court of Appeals

*No. 88-1387. Submitted on briefs February 23, 1989.—Decided
April 5, 1989.*

(Also reported in 441 N.W.2d 281.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Raymond B. Pewther,* staff attorney of *Legal Services of Northeastern Wisconsin, Inc.,* of Oshkosh.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Kathryn J. Haupt,* assistant corporation counsel of Fond du Lac.

Before Brown, P.J., Nettesheim and Sundby, JJ.

BROWN, P.J.   Diane Thibadeau appeals from an order increasing her child support payments for those of her children living with her former husband John. We reverse because the substantial or material change in circumstances required for a modification of child support has not been shown. First, we hold that evidence of minor children's increased age, absent a showing of increased expenses, is insufficient to support a finding of increased needs. Here, the evidence utterly fails to show an increase in expenses. Second, we hold that where, as here, a child support order is based on moneys received from aid to families with dependent children (AFDC), child support, and educational grants and loans, the order is in derogation of applicable state and federal law. Access to these resources does not represent an increased ability to pay child support. Therefore, no substantial change in circumstances has been shown and the order constitutes an abuse of discretion.

The facts adduced at the hearing showed that the award sought to be increased was imposed when the minors were thirteen and fourteen. At the time of the hearing, twenty months later, they were fifteen and sixteen. Both were still in junior high school. John asserted that the children "need more clothes and there are just

more things they want to do." No other evidence of the minors' increased needs was put forth.

Diane lives with a minor daughter not issue of her marriage to John. Their financial support is derived from monthly AFDC payments of $440 and monthly child support of $50 received on behalf of her minor daughter. Diane is enrolled at the University of Wisconsin-Oshkosh, where she expects to complete a degree in May of 1989. She received annually several thousand dollars in grants and loans through state and federal educational programs. Diane testified that after tuition, fees, transportation, and books are paid for, she has a couple of hundred dollars per month to live on.

The trial court determined that the minors are becoming more expensive to support every year. It stated that inflation, though modest, has raised the cost of everything. In modifying the child support order from $5 to $20 per week, the trial court added together Diane's educational funding, her AFDC allotment, and her child support payment for a total "gross monthly income" of $713 with which she could pay her bills. The court determined that under the percentage guidelines promulgated by the Department of Health and Social Services (the department), Diane should be paying 25% of this figure, or $183 per month, in child support. The court determined that Diane's ability to pay was somewhat less. It calculated that she had monthly expenses of $419 and monthly bills of $100. Therefore, it determined that Diane had $194 left each month, after meeting bills and debts, from which it awarded approximately $80 for child support.

Modification of child support may be made only when there has been a substantial or material change in the circumstances of the parties or children. *See Burger*

*v. Burger,* 144 Wis. 2d 514, 523, 424 N.W.2d 691, 695 (1988). Modification rests within the sound discretion of the trial court. *Id.* The court must consider the needs of the custodial parent and children and the ability of the noncustodial parent to pay. *Id.* at 523-24, 424 N.W.2d at 695. The party seeking modification bears the burden of showing that such an increase is justified. *Kritzik v. Kritzik,* 21 Wis. 2d 442, 447, 124 N.W.2d 581, 584-85 (1963).

### 1. Increased Need

■
The trial court's conclusion that the minors' needs had increased is a factual determination. *See Klipstein v. Klipstein,* 47 Wis. 2d 314, 317, 177 N.W.2d 57, 58 (1970). We review this conclusion by determining whether it is clearly erroneous. Sec. 805.17(2), Stats.

■
Relying on *Burger,* John asserts that a twenty-month age increase occurring between a child support order and a modification hearing alone provides sufficient factual support for a finding of increased need. His reliance is misplaced. *Burger* states that "[i]ncreased age, or the reaching of school age, of minor children has been held sufficient to establish increased need." *Burger,* 144 Wis. 2d at 524, 424 N.W.2d at 695. However, *Burger* does not establish a *per se* rule. A trial court may grant an increase in support because children have grown older, but it is not required to do so. *Young v. Young,* 124 Wis. 2d 306, 313, 369 N.W.2d 178, 181 (Ct. App. 1985).

■
Policy dictates that when a court sets a child support award, the award should be *res judicata* so long as the factual situation has not materially changed. *Chan-*

*dler v. Chandler,* 25 Wis. 2d 587, 592, 131 N.W.2d 336, 339 (1964). The passage of months or years does not necessarily present a changed factual situation. The custodial parent must be prepared to demonstrate that the particular interval entails new and increased expenses.

Our supreme court has stated:

> *New needs* arising out of the fact that the children have simply grown older have been deemed a substantial change in circumstances . . .. Growing old enough to present the need for summer camp is also a sufficient change in circumstances to justify a modification . . ..

*Kritzik,* 21 Wis. 2d at 447, 124 N.W.2d at 585 (emphasis added).

In the instant case, however, no new needs were put in evidence. No nexus between increase in age and increase in expense was established. The children are still in junior high school. While John testified that "they need more clothes," there is nothing in the record to connect this need with their age. Everyone needs clothes; such a need cannot establish a substantial change in circumstances. John presented no evidence that the clothes needed now are somehow different or more expensive than the clothes needed twenty months previously.

██ Given the scant facts of record, the trial court had no evidence from which it could determine that the children's present needs are greater than their past requirements. The trial court's determination that "modest" inflation has occurred since the underlying support order was entered cannot, standing alone, represent a "substantial or material" change in circumstances. Hence, John did not meet his burden of persuasion. The trial

court's determination that the minors' needs had increased is therefore clearly erroneous.

## 2. *Increased Ability to Pay*

John concedes error in the trial court's determination that Diane's educational moneys, AFDC and child support can be counted as economic resources for purposes of setting child support. This presents primarily questions of statutory and administrative rule construction. Such questions present issues of law. *State ex rel. Staples v. Young,* 142 Wis. 2d 348, 353, 418 N.W.2d 333, 336 (Ct. App. 1987). We review such questions without deference to the trial court's decision. *Grand River Coop. v. Terbeest,* 145 Wis. 2d 173, 177, 426 N.W.2d 68, 69–70 (Ct. App. 1988).

Section 767.25(1j), Stats., under which initial child support obligations are set, mandates that the trial court determine child support payments by using an analysis involving the percentage standard established by the department. However, the instant case is a motion to modify child support and is brought under sec. 767.32, Stats. This section makes no reference to the percentage standard. It states in relevant part: "Any change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity and total economic circumstances." *Id.*

We acknowledge that it is presently an open question in Wisconsin whether sec. 767.32, Stats., requires the trial court to undertake an analysis based on the child support guidelines identical to that mandated in sec. 767.25(1j), Stats. We do not determine that question. Whether or not the trial court undertakes an analysis based on the guidelines, Diane's financial resources cannot be tapped for child support purposes.

### a. AFDC and Child Support Received

The child support guidelines promulgated by the department require that the noncustodial parent's gross monthly income be ascertained, and this determination is one factor from which the payer's base of payment is determined. Wis. Adm. Code sec. **HSS 80.03**(1).

Moneys received as AFDC and child support are excluded from the department's definition of "gross income adjusted for child support." Wisconsin Adm. Code sec. **HSS 80.02**(13) requires that these amounts be subtracted from the gross income calculation.

Guidelines aside, sec. 49.41, Stats., states in relevant part that "[a]ll grants of [AFDC] . . . are *exempt* from every tax, and from execution, garnishment, attachment and *every other process* and shall be *inalienable.*" (Emphasis added.) Our court has previously held this statute to be clear and unambiguous. *Northwest Eng'g Credit Union v. Jahn,* 120 Wis. 2d 185, 187, 353 N.W.2d 67, 68 (Ct. App. 1984). Therefore, we give its language an ordinary and accepted meaning. *Id.*

There are no exceptions to the statutory rule that AFDC allotments are exempt from every process and inalienable. *Id.* Therefore, the allotment cannot be burdened by a child support order. The purpose of the program is to provide the recipient with the necessities of life. *Id.* Divesting one family of minimum necessary funding so as to assist another family is, simply, robbing Peter to pay Paul, and cannot be allowed.

Similarly, the $50 monthly child support Diane receives for the child with whom she lives is, by definition, an amount needed for supporting that child. *See In*

*re. R.L.M.,* 143 Wis. 2d 849, 852, 422 N.W.2d 890, 892 (Ct. App. 1988). As such, it concomitantly cannot be available to support other children not living with Diane.

Further, allowing Diane's award of child support to go to children of another father makes an unrelated third party responsible for John and Diane's children. Our law does not quickly saddle one person with the obligations of another. *Niesen v. Niesen,* 38 Wis. 2d 599, 606, 157 N.W.2d 660, 664 (1968).

The trial court's inclusion of these amounts as available income for child support purposes was error, within or without the context of the guidelines.

### b.   *Federally Sponsored Educational Grants and Loans*

Diane's federal educational grants and loans are excluded from the definition of "gross income" found in the guidelines. Wisconsin Adm. Code sec. **HSS 80.02**(12) defines "gross income" as "all income as defined under 26 CFR 1.61-1 that is derived from any source and realized in any form." Title 26 C.F.R. 1.61-1 defines "gross income" as "all income from whatever source derived, *unless excluded by law.*" (Emphasis added.)

Federal law excludes educational grants from the definition of "income." 26 U.S.C. sec. 117. Title 26 C.F.R. sec. 1.117-1(a) explains that "[a]ny amount received by an individual as a . . . grant . . . shall be excluded from the gross income of the recipient."[1]

---

[1] Although there are some limited and specific exceptions to this general rule granting exclusion from gross income, they do not apply here. *See generally* 26 U.S.C. sec. 117.

In addition to the outright grants, Diane's educational loans are not "gross income" because "gross income" includes only "income." 26 C.F.R. 1.61-1. Loans are not "income." "Money borrowed by a taxpayer is a receipt which is not income in the year received." 47A C.J.S. *Internal Revenue* sec. 41, at 121 (1988).

Guidelines aside, Diane's federally sponsored educational grants and loans are need based. *See* 20 U.S.C. secs. 1070a(b)(4); 1087aa(a). Educational aid is adjusted in light of other resources to ensure that the amount received does not exceed need. 34 C.F.R. sec. 674.14(a). Need for educational funding may not exceed a student's cost of attendance. *See* 34 C.F.R. sec. 674.2(b). Further, federal law prohibits use of such money for any purposes other than those connected with education. 20 U.S.C. sec. 1091(a)(4). Since Diane's federal grants and loans are keyed to and allocated solely for educational needs, they are not available for satisfaction of child support.

The trial court's inclusion of Diane's Pell Grant and her loans as available income for child support purposes was error within or without the context of the guidelines.

### c. *Wisconsin Higher Education Grant (WHEG)*

Diane's only other financial resource is a Wisconsin Higher Education Grant. These grants are need-based. *See* sec. 39.435(2)(a), Stats.; Wis. Adm. Code, sec. **HEA 5.03.** Like federal grants, they are excluded from the definition of income. 26 U.S.C. sec. 117. Therefore, they are not "gross income" under the guidelines.

However, whether WHEG's could be considered part of a particular parent's economic resources outside of the guidelines depends on the facts and circumstances

of the case; Diane has not pointed to any law expressly restricting the use of these grants to costs of education.

In the instant case, the trial court's determination that Diane's WHEG was an available financial resource was not supported by the evidence and is clearly erroneous. *See* sec. 805.17(2), Stats. In accepting her financial aid proposal, Diane certified that she would use the WHEG only for expenses related to attendance at the university. Further, where a WHEG recipient also receives AFDC, there are state restrictions that prevent receipt of funding in excess of need. WHEG's are taken into account when the department calculates AFDC benefits. *See* Wis. Adm. Code sec. **HSS 201.28**(1)(a).

Thus, while there may be instances where WHEG recipients are receiving money in excess of their educational needs, state regulations ensure that AFDC recipients will not be in that class. Certainly, there is no evidence in this case that the department's rules were not followed, or that Diane received funding in excess of her need. The uncontroverted evidence was that after tuition, fees, transportation and books are paid for, Diane's sources of income leave her with only a couple of hundred dollars per month for her personal use.

Accordingly, we accept John's confession of error and hold that Diane's AFDC, child support and educational loans and grants are not available income for purposes of setting child support.[2] Diane's actual available financial resources for child support purposes are nil.

---

[2] John conceded that Diane's educational moneys, her AFDC, and her child support cannot be counted as income for child support purposes. We view the issue as significant and likely to recur and we have therefore examined John's confession of error regarding this question of law. *See State v. Gomaz,* 141 Wis. 2d 302, 307–08, 414 N.W.2d 626, 629 (1987).

John argues that, although the trial court's child support order improperly took Diane's need-based funding into account, the actual order can nonetheless be sustained. He argues that the order comports with a reasonable assessment of potential income and should therefore be upheld. We disagree.

In some instances, we have upheld child support orders based on the noncustodial parent's potential income. *In re R.L.M.,* 143 Wis. 2d at 854, 422 N.W.2d at 892. However, the issue of Diane's potential income was never raised or argued to the trial court, nor did the court use potential income as a basis for its support order. We will not address issues raised for the first time on appeal. *Zeller v. Northrup King Co.,* 125 Wis. 2d 31, 35, 370 N.W.2d 809, 812 (Ct. App. 1985). Therefore, we do not decide whether this case could be governed by the rules set forth in *R.L.M.*

John thus failed to show new needs on the part of the minor children and failed to show increased ability to pay on the part of the noncustodial parent. Because John failed to show the necessary change in circumstances, the trial court's order increasing child support is an abuse of discretion and is reversed.

*By the Court.*—Order reversed.