166 Wis.2d 306 (1991)
479 N.W.2d 237
IN RE the PATERNITY OF N.L.M.: STATE of Wisconsin, Appellant,
R.M., Co-Appellant,
v.
R.R.R., Respondent.
No. 91-0060.
Court of Appeals of Wisconsin.
Submitted on briefs June 21, 1991.
Decided December 27, 1991.
*309 For the appellant, State of Wisconsin, the cause was submitted on the briefs of Kenneth E. Goerke, Rock County assistant corporation counsel, of Beloit.
For the co-appellant, R.M., the cause was submitted on the briefs of Carol W. Medaris of Legal Action of Wisconsin, Inc. of Madison.
No Respondent brief filed.
Before Gartzke, P.J., Dykman and Sundby, JJ.
GARTZKE, P.J.
The state and the mother of N.L.M. appeal from a judgment adjudicating R.R.R. to be N.L.M.'s father. The issues are (1) whether the trial court had authority to order the mother to repay the Wisconsin medical assistance program for the expense of her pregnancy and confinement, and (2) whether the court properly exercised its discretion in ordering the mother to pay all court costs, including filing fees and the costs of blood tests. We conclude that the court erred *310 in both respects, and we therefore reverse those provisions in the judgment.
N.L.M. was born on October 20, 1983. The Wisconsin medical assistance program paid the mother's birth expenses.[1] On January 12, 1990, the state brought this paternity action. The mother did not join the state's petition. After the first hearing, the trial court made findings and conclusions regarding paternity. The court found that the mother was a "necessary party" in order for the court to grant complete relief, rendered an interlocutory judgment adjudicating R.R.R. to be the father, and ordered the matter continued to decide "all other issues."
At the continued hearing the court found that paternity actions had been brought regarding the child against three other men. Those actions were dismissed because blood tests excluded each of the three men as the child's father. The mother testified that her only income is Aid to Families with Dependent Children (AFDC). The record does not show the amount of that income or the number of people in her family it supports.
The final judgment orders the father to pay $1,271 to Wisconsin medical assistance through the Rock County Child Support Enforcement Office for two-thirds of the birth expenses. It orders the mother to pay $635 for one-third of those expenses and to pay $395 in court costs, all at the rate of $10 per week. The $395 consists of a $96 filing fee, a $10 birth registration fee, $19.50 for service of process, and $270 for blood tests. The court found that because the mother had named three other men as possible fathers of N.L.M., and blood *311 tests had excluded them, it was "appropriate" that she pay court costs.
[1, 2]
The father has not appealed and has not filed a respondent's brief. We may summarily reverse a judgment or order if the respondent fails to file a brief, Rule 809.83(2), Stats., and we usually do. Failure to file a respondent's brief tacitly concedes that the trial court erred. However, the state and the mother[2] ask that we decide the case on the merits. We are told that in 1990 and during the first four months of 1991, in the trial court granted over 120 paternity judgments. In most of those judgments, the court ordered the mother to reimburse Wisconsin medical assistance for the birth expenses. Appellants have received inquiries regarding the issue from other county child support agencies.
We conclude that the issue is one of substantial and continuing public interest but probably evades review. It is unlikely that we ever will receive a respondent's brief from a similarly situated father. A father is unlikely to appeal from an order in a paternity action directing the mother to pay court costs and to reimburse a public agency for the birth expenses. We therefore decide the case on the merits without the benefit of a respondent's brief.
The medical assistance program is jointly operated and funded by the federal government and the states. Atkins v. Rivera, 477 U.S. 154, 156-57 (1986). Federal law provides that a state plan must "comply with the provisions of [42 U.S.C. sec. 1396p] with respect to liens, adjustments and recoveries of medical assistance correctly paid, and transfers of assets ...." 42 U.S.C. sec. 1396a(a)(18). Section 1396p provides that "correctly *312 paid" medical assistance benefits may only be recovered from certain persons who receive medical assistance while institutionalized or after they have reached 65 years of age. The record fails even to suggest that medical assistance was incorrectly paid to the mother.
The state must comply with the provisions of sec. 1396p with respect to recoveries of medical assistance correctly paid. 42 U.S.C. sec. 1396a(a)(18). Since the trial court made no finding or conclusion that medical assistance was incorrectly paid to the mother, the trial court lacked authority under federal law to order that she reimburse the state.
[3]
We conclude that the trial court exceeded its authority under the state medical assistance program. Section 49.497, Stats., governs recovery of medical assistance payments. Subsection (1) of that statute provides in substance that the department may recover payments made incorrectly but recovery is limited to the amount of the benefits incorrectly granted. As noted, the record contains nothing to show that medical assistance was incorrectly granted to the mother.
[4, 5]
The trial courts in paternity actions are limited to the authority provided in the paternity statutes. J.M.S. v. Benson, 98 Wis. 2d 406, 410, 297 N.W.2d 18, 20 (1980), overruled on other grounds, In re R.W.L., 116 Wis.2d 150, 341 N.W.2d 682 (1984). We find no authority in the paternity action statutes for a trial court to order a mother to pay her lying-in expenses. While sec. 767.51(3), Stats., provides that the paternity judgment or order "may direct the father to pay or contribute to the reasonable expenses of the mother's pregnancy and confinement during pregnancy," that statute does not *313 authorize an order directing the mother to pay or contribute to her lying-in expenses.
Section 49.497(1), Stats., provides in relevant part that the county department administering medical assistance "shall begin recovery actions on behalf of the department [of health and social services] according to rules promulgated by the department." The rules are found in Wis. Adm. Code sec. HSS 108.03(3), paragraph (a) of which provides, "[a]gencies shall begin recovery action[s] ...."[3] In this case, no agency brought a recovery action.
[6]
Under Wisconsin law, the repayment of public benefits is exclusively governed by statute, there being no common right of recovery. In re Bundy, 81 Wis.2d 32, 36, 259 N.W.2d 701, 704 (1977). For that reason, we may not inquire whether under equitable principles reimbursement should be ordered.
Having concluded that the judgment must be reversed insofar as it orders the mother to repay medical assistance, we turn to whether the trial court abused its discretion by ordering the mother to pay the court costs, including filing fees and the costs of blood tests. We conclude that it did.
[7-10]
Section 767.51(3), Stats., authorizes a paternity judgment or order to direct "either party to pay or contribute to the costs of blood tests, attorney fees and other costs." The power to order payment or contribution is discretionary. Discretionary powers must be exercised by applying law to the facts of record and reaching a reasonable *314 conclusion by using a demonstrated rational process. In re B.W.S., 131 Wis. 2d 301, 315, 388 N.W.2d 615, 622 (1986). A discretionary decision based on an error of law is an abuse of discretion. State v. Hutnik, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).
[11]
The state is the petitioner in this paternity action. Section 814.61(1)(c), Stats., provides in effect that no filing fee is necessary in "any action to determine paternity brought by the state ...." Since no filing fee was payable, the trial court based its decision on an error of law when it ordered the mother to pay filing fees in the amount of $96. The court therefore abused its discretion.
[12, 13]
While sec. 767.51(3), Stats., authorizes the trial court to order either party to contribute to the costs of blood tests, the court may do so only if it finds that the party has "sufficient resources to pay" those costs. Section 767.48(5)(a), Stats. The trial court made no finding that the mother had sufficient resources to pay for the blood tests at the rate of $10.00 per week or otherwise. Consequently, the court abused its discretion because it failed to make a finding necessary to its order. The mother testified that she was unemployed and on AFDC, and would continue to be so until she finished her schooling which she planned to commence the following January. Since the record does not show the amount of her AFDC benefits, the size of her family and her monthly household living expenses, no factual basis exists for a finding that she has sufficient resources to contribute to the costs of blood tests.
[14]
Finally, no logical rationale exists for the order that the mother pay the fees for birth registration and service of process. We see no connection between those fees and *315 the fact that she named three other men as possible fathers of the child. The court offered no other explanation for assessing those fees against her. The trial court abused its discretion in ordering the mother to pay those fees.
[15]
We conclude that the judgment must be reversed insofar as it orders the mother to pay part of the birth expenses originally paid by Wisconsin medical assistance and to pay the costs for filing, birth registration, service of process, and blood tests. When confronted with inadequate findings of fact, we may (1) affirm the judgment if supported by the great weight and clear preponderance of the evidence, (2) reverse the judgment if not so supported, or (3) remand the case directing the trial court to make appropriate findings. Perrenoud v. Perrenoud, 82 Wis. 2d 36, 42-43, 260 N.W.2d 658, 661 (1978). We reverse the judgment because the record contains nothing to support the judgment directing the mother to pay the blood test costs.
By the Court. Judgment affirmed in part and reversed in part.
DYKMAN, J. (dissenting).
Although I agree that federal law prohibits the recovery of correctly paid medical assistance payments, and that sec. 814.61(1)(c), Stats., requires that no filing fee be paid in this case, I would remand to permit the trial court to consider whether "either or both parties ... have sufficient resources to pay the costs of the blood tests." Section 767.48(5)(a), Stats. Because R.M.'s income may consist only of AFDC payments, a finding of "sufficient resources" appears unlikely. AFDC allotments may not be burdened with child support orders. Thibadeau v. Thibadeau, 150 Wis. 2d 109, 118, 441 N.W.2d 281, 285 *316 (Ct. App. 1989). Still, the state should be permitted to make this inquiry if it so desires.
NOTES
[1] Sections 49.43-49.497, Stats., govern "Medical Assistance." The record does not show the specific statute under which the mother received medical assistance. That omission does not affect our analysis.
[2] Legal Action of Wisconsin, Inc., represents the mother.
[3] Wisconsin Adm. Code sec. HSS 101.03(8) defines agency as "the county department of social services, public welfare or human services, or a tribal agency which administers income maintenance programs."