[No. E021150. Fourth Dist., Div. Two. Dec. 9, 1998.]

In re the Marriage of ANDRIA M. and ALEXANDRE A. ROCHA.
ANDRIA M. ROCHA, Respondent, v.
ALEXANDRE A. ROCHA, Appellant.

COUNSEL

Alexandre A. Rocha, in pro. per., for Appellant.

Milo F. DeArmey for Respondent.

OPINION

**HOLLENHORST, Acting P. J.**—After Andria M. Rocha (wife) filed an order to show cause regarding an increase in child support payments from her former spouse, Alexandre A. Rocha (husband), the court ordered an increase and included as income that portion of husband's student loan for law school above the cost of books and tuition. Husband appeals persuasively arguing that the student loan retains its loan status irrespective of the fact that the proceeds were in excess of the costs of books and tuition. Thus, we reverse.

## FACTS

The parties were married in 1989 and their marriage was dissolved in 1994. Two children were born of that union. Husband entered law school and obtained loans to finance his tuition and for his living expenses while in

school.[1] The difference between husband's student loans and his actual school expenses, tuition and books, is about $9,000. The court found that the loans received in excess of actual school expenses are income for purposes of assessing child support despite the fact that this income is derived from loans.[2]

## DISCUSSION

■ This case requires us for the first time to consider whether a student loan, later subject to repayment, falls within the meaning of Family Code section 4058.[3] It does not.

Section 4058 defines income for purposes of determining support. It provides: "(a) The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) and includes, but is not limited to, the following: [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article. [¶] (2) Income from the proprietorship of a business, such as gross receipts from the business reduced by expenditures required for the operation of the business. [¶] (3) In the discretion of the court, employee benefits or self-employment benefits, taking into consideration the benefit to the employee, any corresponding reduction in living expenses, and other relevant facts. [¶] (b) The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children. [¶] (c) Annual gross income does not include any income derived from child support payments actually received, and income derived from any public assistance program, eligibility for which is based on a determination of need. Child support received by a party for children from another relationship shall not be included as part of that party's gross or net income."

The trial court noted that this section does not specifically include proceeds from loans as income but concluded that failure to mention loans as a source of income does not exclude them. In *Stewart* v. *Gomez* (1996) 47 Cal.App.4th 1748 [55 Cal.Rptr.2d 531], we noted, " 'the definition of income under the Agnos Act is very broad, while the deduction provisions are

[1] American Bar Association standards limit the amount of hours a law student may work outside of class.

[2] The court also found that husband received income of $300 per month from his part-time paralegal business. This income is not challenged as part of the instant appeal.

[3] All further statutory references are to the Family Code unless otherwise indicated.

specific and should be narrowly construed.' " (*Id.*, at p. 1755, quoting *In re Marriage of Rine* (1993) 18 Cal.App.4th 953, 958 [23 Cal.Rptr.2d 10].) However, we also observe that in cases cited both in *Stewart* and those items listed as sources of income in section 4058, all represent a form of income where there is no expectation of repayment or reimbursement. Thus, we do not find a loan for education which includes proceeds over that required for books and tuition to be income for purposes of section 4058.

While no California case has considered this issue, it has been considered in other jurisdictions. In *Thibadeau* v. *Thibadeau* (1989) 150 Wis.2d 109 [441 N.W.2d 281, 285], the Wisconsin court held that federally sponsored educational grants are not subject to inclusion as income because they are need based. In *Milligan* v. *Addison* (Fla.Dist.Ct.App. 1991) 582 So.2d 769, 770, overruled on other grounds, *Overbey* v. *Overbey* (Fla. 1997) 698 So.2d 811, 815, the Florida Court of Appeal determined that a student loan for a law student could not be considered income for purposes of child support because the loan had to be repaid. That court also noted the student loan was unrestricted and at least a portion of the loan was for household expenses. Likewise, in *In re Marriage of Syverson* (1997) 281 Mont. 1 [931 P.2d 691, 698], the Supreme Court of Montana found that Pell grants, which were not loans and *not* expected to be repaid constituted income for purposes of child support. Finally, in *Schaerrer* v. *Westman Com'n Co.* (Colo. 1989) 769 P.2d 1058, 1063, the Supreme Court of Colorado found that guaranteed student loans were not subject to garnishment for preexisting debts because the state garnishment laws were inconsistent with the Federal Guaranteed Student Loan Program.

In *Gilbertson* v. *Graff* (Minn.Ct.App. 1991) 477 N.W.2d 771, 774, the Minnesota Court of Appeal held that the difference in a student loan less books and tuition constituted income for purposes of child support. In that case, the court relied on a Minnesota statute which defines income as any form of payment made on a periodic basis. The court also noted that had the couple remained married and the husband was a student, that both would have benefited from the student loan proceeds. We are not convinced by that rationale. Here, the parties were no longer married and where the marriage is intact, the community would have been responsible for repayment of the loan. It is unclear whether husband would later get credit for repayment of that loan by himself by diminishing his disposable income were we to consider the difference to be income for purposes of child support.

Thus, we conclude that the better approach is to simply recognize that a student loan is not income. It does not expressly qualify under the guidelines set forth in section 4058, nor do such loans share similar features with those

specifically enumerated items designated to qualify as income. We therefore conclude that the trial court erred in considering the difference in student loan funds used for living expenses as income.

### Disposition

The judgment is reversed and the case is remanded for reconsideration of child support with directions to delete living expenses derived from a student loan as income. Appellant is to recover costs on appeal.

Richli J., and Ward, J., concurred.