Kyle STEWART, Appellant,

v.

Scarlett Hope BURTON, Appellee.

No. 2001–CA–002669–MR.

Court of Appeals of Kentucky.

June 20, 2003.

Winter R. Huff, Law Office of John G. Prather, Somerset, KY, for appellant.

Elizabeth A. Hill, Lexington, KY, Donald Howard, Byrom, Jamestown, KY, for appellee.

Before COMBS, McANULTY, and PAISLEY, Judges.

## OPINION

McANULTY, Judge.

Kyle Stewart (hereinafter appellant) appeals from an order of the Fayette Circuit Court which modified his child support based on a reassessment of his gross income to include gifts and student loans, and which determined the visitation schedule with his daughter. Appellant contends that the trial court erred in crediting financial assistance he received from his parents and student loans as gross income. Further, he states that the trial court erred in decreasing the amount of visitation with his daughter when she reaches age five. We affirm in part and vacate and remand in part.

■ First, appellant argues that it was error for the trial court to include payments from his parents, which went toward appellant's living expenses of rent

and of maintaining a vehicle, as appellant's gross income. Appellant contends that the trial court incorrectly "imputed" income to him since he is not working full time while he was a full-time student in dental school. First, in light of the arguments appellant makes on appeal, we find it necessary to clarify that the trial court did not impute income to appellant as a result of finding that appellant was underemployed. The trial court's order does not contain such a finding.

Instead, the trial court made findings that the gratuitous financial resources presently offered to appellant constituted gross income within the statutory definition. Appellant argues that the payments from his father were not gifts but contributions in the form of family assistance to allow him to obtain his education without incurring more debt. He states that they were entirely gratuitous, without any guarantee or binding obligation.

... The Court finds that Petitioner's [Appellant's] monthly income for child support purposes is $3,018 per month. K.R.S. 403.212 states that income includes income from any source including gifts. As a result, the Court must impute income to the Petitioner that is [sic] received from his father as gifts in the amount of $400.00 per month or one-half of the Petitioner's rent, $300.00 per month for Petitioner's car lease payment, the Petitioner's school loans of $33,000 over the last eighteen (18) months, and $485.00 per month wages received from Petitioner's father....

We believe this is just the sort of financial enrichment that the legislature meant to reach by including gifts in the definition of gross income. The legislature's definition of income is expansive to include many sources of wealth which may be used for the child's benefit. There are no cases in Kentucky construing what is meant by gifts in this context. The definition of "gift" in Black's Law Dictionary is "a voluntary transfer of property to another made gratuitously or without consideration." Black's Law Dictionary 688 (6th ed.1990).

In *Petrini v. Petrini*, 336 Md. 453, 460, 648 A.2d 1016, 1019 (1994), the Maryland Court of Appeals found that a father who had received rent-free housing and payment of expenses from his mother should have those items credited as gifts which increased his income for child support determinations. The court found that if a parent is relieved of some basic living expenses through outside contributions, it may be appropriate under certain circumstances to increase the parent's actual income to account for such contributions. *Petrini v. Petrini*, 336 Md. 453, 460, 648 A.2d 1016, 1019 (1994). The court acknowledged that these benefits may have the effect of freeing up other income that may not have otherwise been available to pay a child support award. *Id.* We agree with the Maryland court that by having these expenses paid for him, it frees appellant's other sources of income for payment to his child.

We believe that the trial court correctly found that the type of gifts given to appellant is appropriate to the definition of income in KRS 403.212(2)(b). That definition does not limit gifts to only those items which are income-producing, as appellant urges. The legislature could have so limited it but chose not to do so. Appellant makes other arguments regarding the difficulties of including gifts as income. We conclude that these are not problematic since a trial court retains discretion to determine whether such things as expense reimbursements are significant. *Pegler v. Pegler*, Ky.App., 895 S.W.2d 580, 582 (1995). The trial court may determine that a gift should not be included in income

if it is inconsequential, nonrecurring or unlikely to provide sufficient funds to pay the increased child support obligation. From all of the circumstances in this case, we find that the trial court acted properly in including these gifts as a source of income.

We agree with appellant, however, on the issue of whether the student loans should be imputed to him as gross income. Appellant argues that loans are nowhere included in the definition of gross income in KRS 403.212(2)(b). However, that statute states:

"Gross income" includes income from any source, except as excluded in this subsection, and *includes but is not limited to* income from salaries, wages, retirement and pension funds, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, Supplemental Security Income (SSI), gifts, prizes, and alimony or maintenance received. . . .

(Emphasis supplied.)

The loans are not excluded merely because they were not listed in the statute, because the statute itself does not state that these are the only sources of income a trial court may consider.

Appellant reasons that the student loans are not income, but debt. We agree that the student loans are not a source of income to appellant. We find no case which has addressed this question in Kentucky, and so we refer to the precedent of other jurisdictions. We find that a number of other jurisdictions have concluded that student loans were not income under their statutory definition because of the requirement that the loans be repaid. *Rocha v. Rocha*, 68 Cal.App.4th 514, 80 Cal.Rptr.2d

376, 377 (1998); *In re Marriage of Syverson*, 281 Mont. 1, 931 P.2d 691, 698 (Mont. 1997); *Milligan v. Addison*, 582 So.2d 769, 769 (Fla.App.1991), overruled on other grounds by *Overbey v. Overbey*, 698 So.2d 811 (Fla.1997); and *Thibadeau v. Thibadeau*, 150 Wis.2d 109, 441 N.W.2d 281, 285 (Wis.Ct.App.1989).

In *Rocha*, the definition of income was similar to Kentucky's definition. The California Court of Appeals found that student loans differed from those items listed as sources of income in the statute because the statutory sources all had "no expectation of repayment or reimbursement." 68 Cal.App.4th at 80, 80 Cal.Rptr.2d 159. The court concluded that the repayment requirement distinguished the loans from income. In *Syverson*, the Montana Supreme Court concluded that educational loans that must be repaid are not income, but those that need not be repaid are income if they are intended to subsidize the borrower's living expenses. In *Thibadeau*, the Wisconsin Court of Appeals reasoned that the student loans, which were federally sponsored educational grants and loans, were "keyed to and allocated solely for educational needs" and so were not available for satisfaction of child support. 150 Wis.2d at 120, 441 N.W.2d 281. *Cf. Gilbertson v. Graff*, 477 N.W.2d 771, 774 (Minn.Ct.App.1991)(student loan proceeds above the amount required for tuition and books are dedicated to personal living expenses and are considered income).

■ We are persuaded by these authorities that the loans appellant obtained to pay for his educational expenses should not be included as income under the statutory guidelines. The amounts must be repaid, and there was no showing that these loans were allocated for anything other than appellant's education. Therefore, on remand the trial court should again compute appellant's child support

obligation without inclusion of his student loan amounts.

■ Finally, appellant argues that the trial court's order improperly curtails his visitation with the child when she reaches age five. The trial court ordered:

Petitioner [Appellant] shall have standard visitation pursuant to the First Division guidelines with alternating weekend visitation from Friday at 6:00 p.m. until Sunday at 6:00 p.m., and every other Wednesday from 5:00 p.m. until 8:00 p.m. until the child reaches five (5) years of age. Beginning at age five (5), Petitioner shall have the child from Friday at 6:00 p.m. until Sunday at 9:00 a.m. every other week.

The trial court does not set forth the reason for the change at age five. Appellant states that it is because the trial court was trying to address the religious differences between the parties by eliminating the majority of appellant's Sunday visitation and the entire Wednesday evening visitation (because, according to appellant, it is a night when many churches hold services). Appellant feels that the trial court should have substituted comparable periods of visitation for other days of the week. His view is that the parties agreed that he should have more time with his daughter as she grows older, not less. Appellee counters that counsel for the parties reached an agreement with the parties' acquiescence regarding the modification at age five so that appellee may direct the child's religious education. Appellant denies the existence of any agreement.

The statutory directive on this issue is that visitation is to be determined in accordance with the best interests of the child, and a court shall not restrict visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health. KRS 403.320(3). We find nothing in the record to explain the reduction in visitation at age five. Appellee refers this Court to a bench conference at which it was discussed, but the cryptic comments made therein appear only to concern the child's religious education at age five. There is no specific mention of a reduction in appellant's visitation as a result.

We find no reason for a reduction in the amount of time appellant is entitled to visit with the child at that age. Moreover, appellee cannot point to a reason for a reduction under the applicable statute. If there was an agreement, it is not evident in the record. Therefore, we remand for a determination of an equitable schedule of visitation for appellant with the child when she reaches the age of five.

For the foregoing reasons, we affirm the trial court's order as to the inclusion of gifts and financial assistance as income, and remand for a child support order in which appellant's student loans are not included in gross income for the calculation. Additionally, we vacate the portion of the court's order of visitation scheduled to commence at age five, and remand for the determination of a new visitation schedule beginning at that age.

ALL CONCUR.