*532 OPINION OF THE COURT
John M. Hunt, J.
Respondent, Frank D., has filed objections to an order entered by the Support Magistrate on June 7, 2007. That order modifies an order of the Family Court, New York County, Child Support Enforcement Term (Weigert, S.M.), dated June 15, 1999 which directs that he pay child support in the amount of $50 per month on behalf of the parties’ son. The June 7, 2007 order directs that respondent pay child support in the amount of $351 per month, effective June 29, 2007.
Respondent contends in his objections that he is unable to pay the modified order of support entered by the Support Magistrate. Specifically, respondent argues that he is a full-time student at the New York University School of Dentistry and that he has no income from which to pay child support at this time.
The following facts appear in the record. The parties were divorced by judgment of the Supreme Court, Kings County (Cunningham, Ref.), dated January 20, 2000 and there is one child of the marriage who is now 14 years old and who resides with his mother. In its judgment, the Supreme Court made no provision for support of the child and that issue was left for future judicial determination. At some time subsequent to the divorce, petitioner and the child became recipients of public assistance under the Aid to Dependent Children (now Family Assistance) program (see Social Services Law § 343 et seq.). Based upon the assignment of petitioner’s rights to seek child support from the child’s father (Social Services Law § 348 [2]), the Commissioner of Social Services commenced a child support proceeding against Mr. D. in New York County Family Court (Social Services Law § 102 [1]; Family Ct Act §§ 415, 571 [1]; Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220, 224 [1991]; Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153-154 [2001]). By order dated May 11, 1995, a Hearing Examiner (now Support Magistrate) of the Child Support Enforcement Term directed that the father pay child support to the Department of Social Services in the amount of $66 per week for his son. Thereafter, by order dated June 15, 1995, respondent’s support obligation was modified to $50 per month by the same Support Magistrate. The Commissioner of Social Services filed objections to the June 15, 1995 order and those objections were denied by the Family Court (Rand, J.) by order dated November 28, 1995.
*533 Eventually petitioner closed her public assistance case and she filed this petition on February 23, 2007 for modification of the father’s child support obligation (see Family Ct Act § 571 [3] [b]; Matter of Burke v Palermo, 190 AD2d 1075, 1076 [1993]; Matter of Lafayette v McPherson, 300 AD2d 488, 489 [2002]). The parties appeared for proceedings before a Queens County Family Court Support Magistrate on April 12, 2007 and June 7, 2007. The court’s review of the record and the written findings of fact by the Support Magistrate reflect the following facts. Respondent remarried after the parties were divorced in 2000, and the mother has not remarried. At the time of the hearing before the Support Magistrate both the father and his present wife were fourth year students at the New York University School of Dentistry. Mr. D. is not employed and he pays his tuition, school expenses, rent and living expenses from student loans and possibly grants which total approximately $30,000 per semester. As of April 11, 2008, Mr. D. owes total student loans in the amount of $275,072.76, and his spouse owes a similar amount.[1]
The Support Magistrate determined from the testimony that respondent’s monthly living expenses are $2,416 which he meets by using that portion of his student loans and grants which are not consumed by tuition and school expenses. Based upon the fact that a portion of the student loans and grants received by respondent (and presumably his spouse) are used to pay basic living expenses, the Support Magistrate imputed the sum of $2,416 as income to Mr. D. for purposes of determining his child support obligation. For the reasons which follow, this was improper.
The outcome in this case is governed by the Child Support Standards Act (Family Ct Act § 413), which sets forth “a precisely articulated” methodology for determining child support (Matter of Dutchess County Dept. of Social Servs. v Day at 153), and is intended to “establish equitable support awards that provide a fair and reasonable sum for the child’s needs within the parents’ means” (Matter of Graby v Graby, 87 NY2d 605, 609 [1996] [internal quotation marks omitted]; see Matter of Cassano v Cassano, 85 NY2d 649, 652 [1995]; Holterman v *534 Holterman, 3 NY3d 1, 10 [2004]). In every child support proceeding, the first step is for the court to determine each parent’s gross and adjusted gross incomes and the combined parental income (Family Ct Act § 413 [1] [b] [5]; Matter of Cassano v Cassano at 653; Holterman v Holterman at 10; Bast v Rossoff, 91 NY2d 723, 726 [1998]; Matter of Commissioner of Social Servs. of City of N.Y. v Raymond S., 180 AD2d 510, 513 [1992]; Matter of Ballard v Davis, 259 AD2d 881, 883 [1999], lv denied 94 NY2d 751 [1999]).
Under the statute,
“[t]he amount of ‘income’ attributed to each parent is derived by adding gross income, as reported on the most recent Federal tax return, and, to the extent not included as gross income, investment income, imputed income and other ‘income received’ by the parent from eight enumerated sources . . . [t]hose sources include disability benefits, pension benefits and Social Security benefits” (Matter of Graby v Graby at 609-610; see Holterman v Holterman at 10).
Also included in the statutory definition of income are workers’ compensation benefits, unemployment insurance benefits, veterans benefits, fellowships and stipends, and annuity payments (Family Ct Act § 413 [1] [b] [5] [iii] [A]-[H]; Domestic Relations Law § 240 [1-b] [b] [5] [iii] [A] - [H]; see Holterman at 10 n 6).
While the child support statute defines gross income broadly and Family Court Act § 413 (1) (b) (5) (iv)-(vi) contains provisions which allow the attribution or imputation of income to a parent from such things as nonincome producing assets, employment related perquisites, fringe benefits, money provided by relatives and friends, and depreciation and expense deductions relating to a parent’s self-employment, the statute does not include higher education loans or grants received by a parent as income. While it appears that no New York cases have considered whether education loans received by a parent who is enrolled in a higher education program constitute income for purposes of determining child support, the issue has been considered by courts in other jurisdictions. Upon review of the cases, it seems that these courts have almost uniformly found that a parent’s *535 higher education loans are not income for purposes of a child support determination.[2]
The case of In re Marriage of Rocha (68 Cal App 4th 514, 80 Cal Rptr 2d 376 [1998]) presented facts strikingly similar to the facts of this case. In Rocha, the former husband had enrolled in law school and the former wife petitioned for an increase in child support. The Superior Court “ordered an increase and included as income that portion of husband’s student loan for law school above the cost of books and tuition” (68 Cal App 4th at 515, 80 Cal Rptr 2d at 376). Thus, the trial court found that the $9,000 difference between the husband’s tuition and books and the amount of his loans constituted income from which child support could be awarded (68 Cal App 4th at 516, 80 Cal Rptr 2d at 376). While the California child support statute (Cal Fam Code § 4058) defines income broadly, “this section does not specifically include proceeds from loans as income” (68 Cal App 4th at 516, 80 Cal Rptr 2d at 377). Notably, the Court of Appeal found that
“those items listed as sources of income in section 4058 ... all represent a form of income where there is no expectation of repayment or reimbursement. Thus, we do not find a loan for education which includes proceeds over that required for books and tuition to be income for purposes of section 4058” (68 Cal App 4th at 517, 80 Cal Rptr 2d at 377).
The Court of Appeal reviewed the few relevant cases decided in other jurisdictions and it decided that “the better approach is to simply recognize that a student loan is not income . . . [and] the trial court erred in considering the difference in student loan funds used for living expenses as income” (68 Cal App 4th at 517-518, 80 Cal Rptr 2d at 378).
In Winchester v Collier (1999 WL 250176, 1999 Tenn App LEXIS 273 [1999]), the husband had enrolled in law school and *536 had taken student loans in the amount of $20,000 per year to finance his education. In deciding whether the father’s student loans constituted income for purposes of awarding child support, the Court of Appeals observed that while the Tennessee child support statute defines gross income broadly, “[s]tudent loans are not included in the definition, nor is their status addressed in any Tennessee case law” (1999 WL 250176, *11, 1999 Tenn App LEXIS 273, *30). After reviewing the relevant cases from other jurisdictions, the court held that just like the California statute under consideration in the Rocha case,
“the Tennessee definition of income lists sources of gross income for which there is no expectation of repayment. For an education loan, normally, there is an expectation that the funds will be repaid.
“Therefore, we hold that educational loans with an expectation of repayment are not considered ‘income’ for purposes of determining child support under the Tennessee Child Support Guidelines” (1999 WL 250176, *12, 1999 Tenn App LEXIS 273, *33).
In another case, Stewart v Burton (108 SW3d 647 [Ky Ct App 2003]), the Court of Appeals reversed the trial court’s decision which imputed student loans to the father as income for purposes of determining his child support obligation. The Court of Appeals noted that while the Kentucky child support statute contains a broad definition of what constitutes a parent’s gross income, it found “that the student loans are not a source of income to appellant” (id. at 649). In the absence of a controlling Kentucky decision, the court proceeded to review relevant cases from other jurisdictions, and the court found “that a number of other jurisdictions have concluded that student loans were not income under their statutory definition because of the requirement that the loans be repaid” (id. at 649).
The decision in Thibadeau v Thibadeau (150 Wis 2d 109, 441 NW2d 281 [1989]) is also persuasive and has been cited by other courts. In Thibodeau the Court of Appeals reversed a trial court order which included educational loans and grants in the mother’s gross income for purposes of determining her child support obligation. In finding that the mother’s federal educational grants and loans do not constitute part of her gross income for child support purposes, the Court of Appeals noted that while the Wisconsin child support statute defines income broadly, “[fjederal law excludes educational grants from the def *537 inition of ‘income’ (26 U.S.C. sec. 117)” (150 Wis 2d at 119, 441 NW2d at 285), and the mother’s student loans “are not ‘gross income’ ” because under the Code of Federal Regulations loans are specifically excluded as income for income taxation (150 Wis 2d at 120, 441 NW2d at 285, citing 26 CFR 1.61-1). In addition, the Court of Appeals observed that the mother’s federally sponsored student loans and grants and “[ejducational aid is adjusted in light of other resources to ensure that the amount received does not exceed need . . . [n]eed for educational funding may not exceed a student’s cost of attendance [and] federal law prohibits use of such money for any purposes other than those connected with education” (150 Wis 2d at 120, 441 NW2d at 285). Thus, the court concluded that the mother’s “federal grants and loans are keyed to and allocated solely for educational needs, they are not available for satisfaction of child support” (id.).
This court finds that the definition of “gross income” in the child support statute (Family Ct Act § 413; Domestic Relations Law § 240 [1-b]) is similar to that in other jurisdictions where appellate courts have found that student educational loans and grants do not come within the definition of “income” for child support. Since this court can find no basis to disregard the reasoning of the cited cases, the court must conclude that the Support Magistrate improperly treated the education loans and grants received by Mr. D. as income. Thus, the modified order of support dated June 7, 2007 cannot stand.
While the child support statute permits a court to impute income to a parent where, for example, the court determines that the parent “has reduced resources or income in order to reduce or avoid the parent’s obligation for child support” (Family Ct Act § 413 [1] [b] [5] [v]), or where the parent’s account of his or her finances is not credible (see Matter of Ladd v Suffolk County Dept. of Social Servs., 199 AD2d 393, 394 [1993]; Matter of Monroe County Support Collection Unit v Wills, 21 AD3d 1331 [2005], lv denied 6 NY3d 705 [2006]; Matter of Westenberger v Westenberger, 23 AD3d 571 [2005]; Irene v Irene, 41 AD3d 1179, 1180 [2007]; Matter of Strella v Ferro, 42 AD3d 544, 545 [2007]; Rosenberg v Rosenberg, 44 AD3d 1022, 1025 [2007]), there is no indication in the record that it would be appropriate to impute income to the father.
Since the proceeding must be remanded to the Support Magistrate in order to determine whether respondent has any income from which child support may be ordered, given that he *538 is scheduled to graduate from dental school this spring, it is appropriate to inquire into his present circumstances, his employment plans and his current or expected income.
Accordingly, it is hereby ordered that the proceeding is remanded to the Support Magistrate for further fact-finding in accordance with this decision and order on such date as the Support Magistrate shall select; and it is further ordered that the modified order of support dated June 7, 2007 is vacated and the prior order of support entered in New York County which is dated June 15, 1995 is continued pending the entry of a superseding order of support.
[Portions of opinion omitted for purposes of publication.]

. Any income or other funds received by Mr. D.’s current spouse are not available for support of the subject child, since she has no legal relationship to her husband’s child (Matter of Weber v Coffey, 230 AD2d 865 [1996]; Gina P v Stephen S., 33 AD3d 412, 414 [2006]; Matter of McGrath v Parker, 41 AD3d 852 [2007]; Heller v Heller, 43 AD3d 999, 1001 [2007]).

. Respondent was in the first semester of his final year of dental school at the time of the hearing. Therefore, this court does not review the bona fides of his decision to enroll in dental school. However, it should be noted that while a child is not required to subsidize a parent’s decision to temporarily leave the work force to pursue a higher education (see Ferlo v Ferlo, 152 AD2d 980, 981 [1989]; Overbey v Overbey, 698 So 2d 811, 815 [Fla Sup Ct 1997]), a parent may enroll in a professional school where there is evidence that the degree to be received will increase the parent’s ability to provide support for the child in the near future (Matter of Robesena W. v George B.D., 145 AD2d 426, 427 [1988]; Matter of Ciostek v Ciostek, 186 AD2d 1087, 1088 [1992]; Matter of Saltzman v Friedman, 226 AD2d 245, 246 [1996]; Matter of Ritter v Tucker, 278 AD2d 945 [2000]).